MOORE VS ANDREWS & BROTHERS.

*As to proof of entries in a merchant's book.*

1. In an action to recover upon an account, for goods sold and delivered, particular items of that account cànnot be proved, by evidence, that the articles were sold and delivered by a clerk who is absent from the State.

In error from the County Court of Madison.

This was an action of assumpsit against Moore, for the value of goods, wares and merchandise, sold and delivered: and under the plea of *non assumpsit*, verdict and judgment were rendered for the plaintiffs.

On the trial, the plaintiffs, by their clerks, M'Clellan, Moore and Giron, proved that they had sold and delivered to the defendant, all the articles specified in an account, (which was the cause of action,) except one item, which had been charged by a former clerk, who was not present, but was proved to have been in the State of Tennessee.

On objection to the sufficiency of the proof of the item, charged in the hand writing of the absent clerk, the Court charged the jury, that if they thought it right from all the evidence, they might infer that the whole account was just, and find accordingly.

To which the defendant excepted.

Argued by *S. Parsons* for the plaintiff in error— *Robinson*, contra.

COLLIER, J.—The defendants in error *sued* the plaintiff, in the County Court of Madison, and declared for goods sold and delivered, money lent and advanced, and money paid, &c.

On the trial, the defendants proved a portion of their account, by shewing that some of the goods charged, as sold and delivered to the plaintiff, were charged on their books in the hand writing of a former clerk, then in Tennessee. To the admission of this evidence, the plaintiff in error excepted, and here assigns the same as error.

The bill of exceptions does not inform us that this witness does not reside within the State, and rather authorises the conclusion that he does, as it speaks of him as *now* in Tennessee, and again he is mentioned as *absent*. We, however, lay no stress upon the want of precision in the bill of exceptions, in this particular; for though the non-residence of the witness, had been conclusively shewn, we should yet think that the testimony was improperly admitted. We are not aware of any adjudged case, unless it be influenced by a statute, in which it has been holden, that the entries of a clerk, in the books of his employer, are allowed to go to the jury in an action to recover for goods, sold, &c. unless a foundation be first laid by shewing his death. His temporary absence from, or even removal without the State, are not sufficient to authorise the entries to be used as evidence. Under such circumstances,

our laws afford ample means for obtaining his testimony by deposition.

In *Kennedy vs Fairman*,* proof of the hand wri- *[*1 Hayw. 458.]* ting of the plaintiff's clerk, who made the entries, and had afterwards gone abroad, was ruled not to be evidence to support an action for goods sold and delivered.

The rule which allows of this description of secondary evidence, is one, resulting *ex necessitate, viz:* the impracticability of procuring better proof, and should be confined within proper limits.

In argument, it has been attempted to assimilate the proof of private entries by third persons, to the proof of hand-writing of a subscribing witness to a paper, when absent from the State. The mere temporary absence of a subscribing witness, will not be sufficient to let in proof of his hand-writing; in such case the party should continue, to await his return.† *[†1 Greenleaf's R. 57,]*

One reason, and the chief, why secondary evidence in the case of the subscribing witness, where he resides without the reach of the process of the Court, is allowable, is the great danger of losing the instrument attested, if sent abroad to be proved by deposition. This reason has no application in the case at bar; it was both convenient and proper to have shewn by the deposition of the absent witness, that he *sold and delivered* the articles charged on the books, in his hand-writing, and then to have proved his hand-writing, by a witness present.

In some of the States, statutes have been enacted, facilitating the proof of merchants, and other

book accounts, and many of the decisions rest on these statutes. In this State, the admissibility of proof in such cases, depends upon the common law rules of evidence.

The judgment is reversed, and the cause remanded.

HOPKINS, C. J. not sitting.