Smith *v.* Prescott.

---

## John Smith *vs.* Bradbury G. Prescott.

The transfer of a negotiable note by indorsement, may be proved by evidence of the handwriting of the indorser, without calling him.

In an action upon a negotiable note by the indorsee against the maker, after the handwriting has been proved, in order to let in the defence of payment to the indorser, the burden of proof is upon the defendant to show that the indorsement was subsequent to the payment.

The burden of proof is not changed by the forbearance of the indorsee for three years to put the note in suit.

EXCEPTIONS from the District Court, for the Middle District, REDINGTON J. presiding.

Assumpsit as indorsee of a note by the defendant to *Ebenezer Blake*, bearing date, *April* 10, 1834, for $35 on demand with interest. The writ was dated *March* 14, 1838. To prove the indorsement, the plaintiff called a witness who had seen *Blake* write, and who testified, that the indorsement was in *Blake's* handwriting, and that *Blake* lived about eight miles from the place of trial.

The defence set up was payment, and in proof of it, the defendant introduced in evidence *Blake's* receipt to him, dated *Dec.*

10, 1834, for $36,19 in full of the note, and thereupon contended, that the plaintiff was bound to satisfy the jury that the indorsement and transfer to him was made before the payment evidenced by the receipt, and that whatever the legal presumption in ordinary cases might be, the great lapse of time which had here intervened between the period of payment and that of bringing the action was sufficient to throw the burden of proof on the plaintiff. The ruling of the Judge was against the defendant on this point.

The defendant then offered evidence to prove that the defendant had lived within twelve miles of the plaintiff from the date of the receipt to the commencement of the suit, and during the time had attachable property, and was of sufficient ability to pay the note, and contended, that these facts with the lapse of time, was competent evidence to go to the jury, either as tending to rebut any legal presumption in favor of the plaintiff, or as proof tending to satisfy their minds that the payment was in fact prior to the transfer. The Judge rejected the evidence.

The defendant also contended, that inasmuch as the plaintiff had not called *Blake* to prove the indorsement, nor any other person who saw him write it, he had not produced the best evidence which the nature of the case admitted, and that therefore the evidence admitted was not competent to prove the indorsement. The Judge also decided against the plaintiff on this point. The verdict was for the plaintiff, and the defendant filed exceptions.

*S. W. Robinson*, for the defendant, contended, that there was no competent proof that the note had ever been indorsed. The evidence admitted to prove the indorsement was not *the best evidence*. The indorser should have been produced. 1 *Stark. Ev.* 102, 389; 4 *Mass. R.* 646; 3 *East*, 192.

The instruction of the Judge, that proof of the indorsement simply was sufficient, after so great a lapse of time, was erroneous. The delay was calculated to throw strong suspicion upon his claim, and was sufficient to require proof from the plaintiff of the indorsement before the payment.

The defendant should also have been permitted to prove that he had lived within twelve miles of the plaintiff, and had been in good credit, and have commented on these facts to the jury. The

charge was erroneous, because it left nothing for the jury to pass upon. 7 *Mass. R.* 58.

*E. Fuller & Morrill*, for the plaintiff.

It was competent to prove the handwriting of the indorser without calling him. 2 *Stark. Ev.* 246.

The burden of proof was on the defendant, who set up payment of the note for defence, to prove payment to have been made before the indorsement to the plaintiff. Where there is no proof of the time, the presumption of law is, that it was made at the time the note was dated. 5 *Mass. R.* 334, 509; 6 *Greenl.* 390; 5 *Pick.* 526.

The place where the parties lived, and the time when the plaintiff chose to enforce his rights by suit, are wholly immaterial in this case, and the evidence in relation thereto was rightly rejected.

The opinion of the Court was by

WESTON C. J. — The regular and usual evidence of the transfer by indorsement of a negotiable note is, by proof of the handwriting of the indorser. This mode of proof is uniformly received in practice. That the indorser should be called for this purpose, as higher and better evidence, is a position not supported by authority, and is clearly at variance with former precedents. Besides, in this case the indorser had an interest against the plaintiff, which he was not obliged to waive.

If the plaintiff recovers, the indorser will be legally bound to refund what the defendant has paid to him on account of the note. But if his testimony defeats the title of the plaintiff, by showing that the indorsement is a forgery, the payment made by the defendant will be available to discharge the note, and the defendant will have no claim against the indorser. The direct effect therefore of his testimony would be, to discharge one liability, without creating another to balance it. The plaintiff would not in that case be concluded by the verdict. He might sustain an action against the indorser, if he could prove his handwriting. That is a contingent consequence, depending upon a subsequent verdict and judgment. The indorser is however, where a prior judgment is relied upon, a competent witness to prove the time of his indorsement. Let that fact be established as it may, his interest is balanced. He is an-

Smith *v.* Prescott.

swerable in any event. The effect of his testimony, if taken to be true, is to relieve him from liability to one party while it renders him liable to the other. Here his interest is against the fact of the indorsement; for if disproved, his right to have received and to retain the defendant's money is established; while assuming the truth of his testimony, the plaintiff would have no claim whatever against him.

The jury being satisfied of the indorsement, from proof of the handwriting of the indorser, and it not appearing to have been done after the note became due, the plaintiff must be taken to be a *bona fide* holder. And in order to let in the defence of payment to the indorser, the payee, the burthen of proof is upon the defendant to show, that it was subsequently indorsed. This has been expressly held in the cases cited for the plaintiff; and we have been referred to no conflicting decisions. The forbearance of the plaintiff does not change the burthen of proof. It furnished an argument only, to be thrown into the scale, if there had been any proof tending to show a subsequent indorsement.

*Exceptions overruled.*