## NOLLEY v. HOLMES.

1. The entries made by a tradesman, in his book of accounts, are not admissible in his favor, although it is shown by the testimony of other witnesses that his books were correctly and accurately kept.

THE plaintiff in error declared against the defendant in the Circuit Court of Baldwin, for goods, wares and merchandize, sold and delivered.

On the trial, the plaintiff proved that he was a merchant, and that he had no clerk, but sold goods himself. He then produced his day book and ledger, kept by himself, in which the defendant appeared to be charged with merchandize sold by the plaintiff, to the amount of one hundred and sixty-nine dollars. It was proved that the charges were reasonable and proper; and persons who had dealt with the plaintiff testified, that he kept correct books, and his accounts were fair. The defendant moved the Court to exclude the plaintiff's books from the jury as inadmissible evidence, which motion was sustained; and thereupon the plaintiff excepted.

A verdict and judgment being rendered in favor of the plaintiff, he has prosecuted a writ of error to this Court.

J. A. CAMPBELL, for the plaintiff in error.
No counsel appeared for the defendant.

COLLIER, C. J.—In Moore v. Andrews & Brothers, 5 Porter's Rep. 107, it was held, that the admissibility of books of account as evidence, was not provided for in this State by statute, and consequently depended upon the common law. This being the case, it may be safely affirmed, that entries made by a tradesman himself, stating the delivery of goods, are not evidence in his favor. 1 Phil. Ev. 266; 2 ibid. C. & H.'s notes, 691. The law cannot be admitted to be otherwise, without disregarding a very salutary maxim, *nemo debet esse testis in propria causa;* and this too, when the departure from a general rule, is not demanded by the necessity of the case. If a party has a good cause of action, he may call upon his adversary for

a discovery, if he has no other means of establishing it; but he cannot entitle himself to a judgment, by the proof of his own admissions, made either orally or in writing. That such would have been the effect of the admission of the evidence that was rejected, it requires no reasoning to show.

We are aware, that in most of the States, the party's books of original entries may be adduced as evidence; but this right is given by statutes which determine their influence, and prescribe what suppletory proof is necessary. 2 Phil. Ev. C. & H.'s notes, 682. No such statute being in force here, it follows from what we have said, that the judgment of the Circuit Court must be affirmed.