## HALLIDAY *vs.* BUTT.

[ACTION ON ACCOUNT FOR MEDICAL SERVICES RENDERED.]

1. *Original entries on physician's books; admissibility and proof of.*—In an action to recover for medical services rendered by plaintiff as a physician, section 2298 of the Code makes the original entries on his books "evidence for him that the services were rendered", unless their correctness is denied on oath by the defendant in open court; but such entries must nevertheless be identified by competent testimony, and can not be proved by the plaintiff's own oath.

2. *Same.*—In such case, preliminary proof of the identity of the entries must first be made to the court; and if the court decides that they are, *prima facie,* admissible, they must then go the jury as evidence, unless the defendant denies their truth in the mode prescribed by the statute. Proof of hand-writing, *it seems,* is, *prima facie,* sufficient proof of identity.

3. *Physician's diploma; proof of.*—A diploma, granted by any medical college in the United States, is legal evidence of the right of the person to whom it is granted to practice medicine and surgery, (Code, § 977; Session Acts, 1859-60, p. 20,) without proof of the incorporation of the college by which it was granted; and the loss of the diploma being shown, secondary evidence of its contents may be received.

4. *Same.*—The loss of a physician's diploma being shown, the testimony of an officer of the medical college by which it was granted would be competent proof of its grant; but the contents of an order on the records of the college, showing the grant of the diploma, must be proved by an examined copy, and not by the parol testimony of one of the officers.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. ROBERT DOUGHERTY.

Halliday v. Butt.

THIS action was brought by Jere. Butt, against D. T. Halliday, to recover the value of medical services rendered by the plaintiff as a physician prior to the 1st day of January, 1857; and was commenced on the 1st September, 1858. The only plea was the general issue, and issue was joined on that plea. " On the trial," as the bill of exceptions states, " the plaintiff offered himself as a witness, to testify to the jury that a certain book, which he had, contained the original entries as to the services for which he sued. The defendant objected to allowing the plaintiff to testify to the jury, as thus offered, on the grounds—1st, that said plaintiff was not competent to testify as thus offered; and, 2d, that no notice had been given to him, or to his attorneys, that plaintiff would offer himself as a witness for any purpose. It was admitted on the part of the plaintiff, that no such notice had been given to the defendant, or to his attorneys. This being all the evidence relating to the question of allowing the plaintiff to testify as offered, the court overruled the defendant's objection, and allowed the plaintiff to testify to the jury that the following entries in said book, which he produced, were the original entries made by himself, for the services for which he here sued." (The entries referred to are not set out in the bill of exceptions, and the clerk states that the book is not in his possession.) " To the overruling of said objections, and allowing plaintiff to testify as aforesaid, and allowing said entries to be read in evidence to the jury, each separately, the defendant excepted; but the court, notwithstanding, allowed said entries to be read in evidence to the jury, without any other proof that they were the original entries than the aforesaid evidence of the plaintiff himself; to which rulings of the court the defendant excepted."

" The plaintiff proved the value of the services mentioned in said entries, and that he resided about four miles from the defendant's plantation; and he also testified to the court that he had lost the diploma mentioned in the testimony of Henry R. Frost, which he offered in evidence to the jury, and which was as follows: 'Henry R. Frost states, that he is, and was in 1836, dean of the faculty of the medical college of South Carolina, which is a medical

college in the State of South Carolina; that he is now, and was then, the keeper of the records of the proceedings of said college; that there is entered on said records an order, passed by said college in 1836, granting and awarding a diploma to plaintiff; that said plaintiff [was] graduated at said college in 1836, and a diploma was regularly awarded to him, which was signed by each member of the faculty in his own proper handwriting, sealed with the seal of said medical college, and delivered to said plaintiff, certifying to the plaintiff's proficiency, and that he had attended the regular courses of lectures, and conferring on him the degree of M. D.' Objections were duly made by the defendant to the introduction of each divisible clause of said testimony of said Frost, and also to the whole of said testimony. For instance, defendant objected to the introduction of that part of said testimony which was in these words, 'which is a medical college in the State of South Carolina', on the following grounds: 1st, that it was illegal; 2d, that it was not competent to prove the establishment of said college by such testimony; 3d, that there was higher and better evidence of the establishment or existence of said college, if said college existed or had ever been established; 4th, that said part of said testimony was not admissible to prove matter which appeared from the testimony of said Frost himself to be matter of record; 5th, that the record of said college, or an examined or certified copy, ought to be produced, or its absence accounted for. These, and other grounds of objection, were duly and fully stated as grounds of objection to each divisible clause of the testimony of said Frost. As the several objections were separately and respectively made by said defendant, each of said objections was overruled by the court; to each and every of which rulings, overruling said several objections, and also to the admission of each and every divisible clause of said testimony, the defendant excepted. Immediately after the overruling of said objections, the whole of said Frost's testimony was read to the jury by plaintiff; to which, also, the defendant excepted.

"The foregoing being all the evidence adduced on the trial of the cause, the court charged the jury, that if they

believed the testimony of said Frost, it was sufficient proof that the plaintiff was a regular graduate of a medical college in South Carolina, and that a diploma had been issued to him by said college ; and that if they believed he had rendered the services, and that he had proved the value thereof, the plaintiff was entitled to recover ; to which charge the defendant excepted."

The several rulings of the court to which, as above stated, exceptions were reserved by the defendant, are now assigned as error.

GOLDTHWAITE, RICE & SEMPLE, for appellant.
CLOPTON & LIGON, *contra*.

JUDGE, J.—1. The general rule of the common law is, that a party's books are not admissible in evidence for him ; they are considered as hearsay, of his own fabrication.—1 Phil. Ev. C. & H.'s Notes, 377. This rule of the common law, whatever may be the decisions of other States upon the question, is recognized and enforced in this State.—*Moore v. Andrews & Brother*, 5 Porter, 107 ; *Nolly v. Holmes*, 3 Ala. 642. But, by section 2298 of the Code, it is provided, that " the original entries in the books of a physician are evidence for him, in all actions brought for the recovery of his medical services, that the service was rendered, unless the defendant, in open court, deny upon oath the truth of such entries ; but he is required to prove the value of such services," &c.

This statute being in derogation of the common law, we cannot concur with the court below in the construction, that it gives to the physician suing the right to identify the entries relied on, by his own oath. To make such entries legal evidence, under the section of the Code above quoted, they must be identified by competent testimony. The right of the defendant to deny upon oath their truth does not confer upon the plaintiff the right to swear to their identity ; and in permitting the plaintiff thus to testify, the circuit court erred.

2. The admissibility of such entries in evidence, depends upon the question of identity, which is a preliminary ques-

tion to be determined by the court. Where the admission of evidence *to the jury* depends upon the proof of some fact as a foundation, such fact must be shown *to the court. Paysant v. Ware & Baringer*, 1 Ala. 161. But this preliminary proof of identity, given before the judge, does not relieve the party offering the entries from the necessity of proving them to the jury. The judge only decides, as in the case of proving the execution of a deed, whether there is, *prima facie*, any reason for sending the entries at all to the jury.—1 Greenleaf's Ev. § 49; *Larue v. Rowland*, 7 Barb. 107.

Mr. Phillips, in his work on Evidence, says: "Neither the admissibility, nor the effect of evidence, will be altered by the circumstance, that the fact which the judge is to decide, as a condition precedent, is the same fact that is to be decided by a jury on the issue: as where the declarations of an agent are admissible, he may first prove to the satisfaction of the judge that he is an agent, and his evidence therefore is admissible, though the question at issue turns upon the fact whether he be an agent or not, and the jury have ultimately to decide that question."—1 Phil. Ev. 6-7. If, on the hearing of the preliminary testimony as to such entries, the judge decides in favor of their admission, they should go to the jury as evidence, "unless the defendant, in open court, deny upon oath their truth;" in which event, they, or such of them as are thus denied, are no evidence, and cannot go to the jury at all.

Accompanied with proof of hand-writing, the books of original entries of a physician would, in most, if not in all cases, bear intrinsic evidence upon their pages of their true character. In New Jersey, such and similar books are sufficiently identified, by proving that they are in the party's hand-writing.—*Shute v. Ogden*, 2 Pennington, 921. And such we hold, would be, *prima facie*, sufficient proof of identity.

3. Every contract in this State, the consideration of which is founded upon services rendered as a physician, is void, unless the person rendering such services has obtained a license to practice in such capacity, either from one of the medical boards of this State, or at some medical college in

the United States; and a diploma from any such college is evidence of his authority to practice medicine and surgery. Code, § 977 ; Acts, 1859–'60, p. 20.

A proper construction of the said act of 1859–'60 forbids the conclusion, that before the physician can derive benefit from his diploma, he must prove the incorporation, or regular establishment and organization, of the medical college awarding it. A diploma is an instrument, usually under seal, " conferring some privilege, honor, or authority ; now almost wholly restricted to certificates of degrees conferred by universities and colleges."—Worcester's Dictionary. Such an instrument, generally, if not universally, on parchment, is not easily fabricated ; and we think it was the intention of the legislature that a diploma, when produced, should be received without further testimony in regard to it, as *prima facie* " legal evidence of the authority of the physician to practice medicine and surgery." The act of 1859–'60, being remedial in its character, must receive a liberal interpretation, in furtherance of the object intended to be accomplished by it.

4. The loss of the original having been shown, the plaintiff produced the next best evidence of it in his power ; which was testimony that a diploma had been awarded and delivered to him, by a medical college in the United States. The deposition containing this evidence was properly admitted to the jury, with the exception of that portion in which the witness stated the contents of an order appearing on the records of the college. An examined copy would have been the highest and best evidence of this order. It may be, however, that the testimony relating exclusively to the order was superfluous or redundant, the case of the plaintiff as to the diploma having been fully made out by the other testimony of the witness; and that, consequently, its admission was error without injury. Shepherd's Digest, 568, § 90 ; *Jemison v. Smith*, 37 Ala. 185 ; *Bishop v. Blair*, 36 Ala. 80. But whether this rule can be properly applied under the facts of this case, we will not determine, inasmuch as the judgment must be reversed for the error before noticed, and the point will probably not arise again on another trial.

Let the judgment be reversed, and the cause remanded.