# Jordan *v.* The State.

### *Indictment for Countersigning Paper to circulate as Money.*

1. *Written instrument; preliminary proof of.* — Where an instrument is not admissible without proof of its genuineness, preliminary proof made before the judge to authorize its introduction does not relieve the party offering it from proving its execution to the jury on the trial.

2. *Countersigning paper, &c.; erroneous charge as to proof of.* — On a prosecution under § 3643 of the Rev. Code, " for countersigning a paper," &c., " issued without authority of law for purposes of money, or for general circulation," a charge that the defendant could not be convicted " unless there was proof by an eye-witness to the signature, or proof that defendant admitted the signature to be his, or that the signature was in his handwriting," is erroneous.

3. *Charge; what, erroneous.* — A charge, based upon all the evidence which withdraws from the consideration of the jury a material element of the offence, should be refused.

4. *Same.* — On the trial of an indictment under § 3643 of the Revised Code, it is error for the court, in its charge to the jury, to refer to the action of the general assembly in refusing to pass a bill, allowing a railroad corporation to issue change bills.

APPEAL from Elmore Circuit Court.

Tried before Hon. JAMES Q. SMITH.

The appellant, Jordan, was indicted under § 3643 of the Revised Code of Alabama, for countersigning a paper " for the purposes of money, or for general circulation, without authority

of law." The indictment contained a copy of the paper charged to have been countersigned, which was in the following words and figures: —

"Tallassee Manufacturing Co. Store.

Good for

(15)      Fifteen Cents,      (15)

in Merchandise.

On the book,                    W. O. Norrell.

W. M. Jordan, Ag't."

On the trial the proof showed that the original paper charged to have been so countersigned was lost, but that the copy thereof, as set forth in the indictment, was an exact copy. Upon this showing, and without any proof that the signature to the original paper, purporting to be defendant's signature, was genuine, the court permitted said copy to be read to the jury, and defendant excepted. The testimony showed that the defendant was in the employ of the Tallassee Manufacturing Co., located in Elmore county, and as such employee, he, from time to time, delivered bills of the above description, but varying in amounts from ten cents to ten dollars, to the operatives of said company, to be used by them in trading at the store belonging to said company ; which bills were charged up to said employees, respectively. It was also proved that said arrangement was a matter of convenience to said company in trading with its operatives and paying them off ; that other persons besides said operatives used said bills in trading at said store, but that said company gave instructions that said bills were only to be used by its employees, in trading at said store.

In its charge to the jury, the court stated that " It was a matter included in the public proceedings of the last legislature of this State, that the Mobile and Ohio Railroad Company applied for an act to authorize that company to issue such papers, for the convenience of the company in making settlements with operatives, but that such authority was refused." To this statement the defendant excepted.

Defendant asked the court to give the following written charges to the jury : " 1st. That, in order to establish the execution of the original paper, a copy of which purports to be in the indictment, it must be proved by some person who saw Mr. Jordan, the defendant, sign it ; or it must be proven that he admitted that he signed it; or it must be proven that the indorsement on the original was in the defendant's handwriting.

2. That if it be proven that the paper, a copy of which is in the indictment, was countersigned by the defendant, still the defendant cannot be found guilty, unless it is further proven to the satisfaction of the jury, beyond a reasonable doubt, that such original paper was emitted, made, or countersigned to answer the purpose of money, or for general circulation ; and if the evidence leaves it doubtful whether such paper was issued for such purpose, or merely for the saving of time and expense ; or, for the convenience of the Tallassee Manufacturing Company, in settling with operatives, its employees, — the jury must acquit the defendant." The court refused to give each of said charges, and the defendant excepted. Defendant was convicted, and thereupon brought the case to this court, and assigns for error, among other things, 1st. That the court permitted the copy of the paper incorporated in the indictment to be read to the jury, without proof of execution of the original paper ; 2d. The refusal to give the first charge requested by him ; 3d. The refusal to give the second charge requested by him ; 4th. The statement by the court, in its charge, in reference to the action of the legislature, as set forth.

WATTS & WATTS, for appellant, cited: 1st. To the 1st point assigned as error, *Beall* v. *Dearing*, 7 Ala. 2d. To the 3d point (2d charge), 6 Ala. 845 ; 7 Ala. 69 ; *Winter & Scisson* v. *The State*, 20 Ala. 39 ; *Hopper* v. *Ashley*, 15 Ala. 457.

J. W. A. SANFORD, Attorney General, *contra*.

JUDGE, J. — The appellant was indicted in the court below, under section 3643 of the Revised Code, for " countersigning a paper partly written and partly printed, issued without authority of law, for the purposes of money, or for general circulation."

The indictment purports to set forth a copy of the paper, charged to have been illegally countersigned by the defendant. Evidence was introduced to show the loss of the original, from which the copy was made, and that on diligent search it could not be found. The court then permitted the counsel for the State, against the objection of the defendant, to read in evidence to the jury an examined copy of the lost paper, without such proof of the execution of the original as would have authorized its introduction.

Where the admission of evidence *to the jury* depends upon the proof of some fact as a foundation, such fact must be shown *to the court*. *Paysant* v. *Ware & Barringer*, 1 Ala. 161. But if the genuineness of an instrument of writing is the fact

in question, "the preliminary proof of its execution, given before the judge, does not relieve the party offering it from the necessity of proving it to the jury. The judge only decides whether there is, *primâ facie*, any reason for sending it at all to the jury." 1 Greenleaf's Ev. § 49; *Halliday* v. *Butt*, 40 Ala. 178.

We do not think it clearly appears from an examination of the subsequent proceedings appearing of record, that the error of the admission in evidence of the copy of the instrument was error without injury.

The first and second charges requested by the defendant were, we think, properly refused by the court.

The first was too restrictive in its character, as to the mode of proof of the execution of the instrument in question. The charge required the evidence of an eye-witness to the signature of defendant, or proof that he had admitted the signature to be his, or proof that the signature was in defendant's handwriting. We can readily conceive that circumstances, other than those mentioned in the charge, might be sufficient, if proved, to authorize a jury to come to the conclusion that the paper had been countersigned by the defendant.

The latter portion of the second charge requested and refused made the charge, as a whole, improper to be given. It asked the jury to be instructed as follows: "That if the evidence leaves it doubtful whether such paper was issued for the purposes of money, or merely for the saving of time and expense, or for the convenience of the Tallassee Manufacturing Company, in settling with its operatives and employees, the jury must acquit the defendant."

If this charge had been given, its tendency would have been to withdraw from the jury the consideration of the question as to whether the paper was emitted "for general circulation." The statute makes this a separate and distinct offence, from that of emitting such paper "to answer the purposes of money." Rev. Code, § 3643. Furthermore, the paper might have been issued "for the saving of time and expense, and for the convenience of the Tallassee Manufacturing Company, in settling with their operatives and employees, and still be obnoxious to the prohibition of the statute.

The remarks of the court, in its charge to the jury, relative to the action of the general assembly of the State at its recent session, on the subject of emitting change bills, were foreign to the issue on trial, and having been erroneous, we cannot clearly see that they did not operate to the injury of the defendant.

We deem it unnecessary to notice any other question presented by the record; but for the errors we have pointed out, the judgment must be reversed, and the cause remanded.