## The State v. Grant, *Appellant.*

1. **Forgery—of Teacher's Certificate.** A teacher's certificate of qualification is a "certificate," "license" or "authority," within the meaning of section 15, article 4 of the chapter on Crimes and Punishments, (Wag. Stat., p. 470,) and the falsely making such a certificate with intent to injure or defraud is forgery as defined by that section.

2. **Evidence.** Upon the trial of an indictment for forging a teacher's certificate, a book which had once been in defendant's possession was offered in evidence. It was shown that a contract with defendant as teacher had once been recorded in this book, but had since been torn out; but there was no evidence that the contract was in the book when it came to defendant's possession. *Held*, that the book should have been excluded.

3. ———. Before a paper will be received in evidence as having been written by a party, it must be shown to be in his handwriting.

4. **Forgery.** The question whether defendant believed a paper to be genuine, is presented by an indictment for uttering but not for forging the paper.

*Appeal from Polk Circuit Court.* — Hon. R. W. Fyan, Judge.

Reversed.

*John O'Day & Bro.* for appellant.

The offense alleged in the indictment is not a felony at common law, and relying for its existence upon a statute

3-74

which is an innovation on the common law, and highly penal, should be strictly construed, and the crime should not be brought within it by implication, but should be there by express enactment. Bishop Stat. Crimes, §§ 119, 196, 220, 259; Potter's Dwarris on Stat, 247, 248; *Steel v. State*, 26 Ind. 82; *Myers v. State*, 1 Conn. 502; *U. S. v. Sheldon*, 2 Wheat. 119; *Daggett v. State*, 4 Conn. 60; *St. Louis v. Laughlin*, 49 Mo. 559; *Waterman v. People*, 67 Ill. 91; *Snyder v. North Lawrence*, 8 Kas. 82; *Verona C. C. Co. v. Murtaugh*, 50 N. Y. 317; 1 Black. Com., 88; *State v. Stephenson*, 2 Bailey 334; *Com. v. Loring*, 8 Pick. 370; *U. S. v. Wigglesworth*, 2 Story 369; *Hasbrook v. Paddock*, 1 Barb. 639. A teacher's certificate is not *ejusdem generis* with the other instruments mentioned in the statute, and for this reason is not within the penalties. 49 Mo. 559; *Sandiman v. Beach*, 7 B. & C. 99, 100; *Kitchen v. Shaw*, 1 Nev. & P. 794, 795; *Reed v. Ingham*, 3 Ell. & Bl. 900; *U. S. v. Irwin*, 5 McL. 179; *Chapman v. Forsyth*, 2 How. 202; *Peate v. Dicken*, 1 Crompt. M. & R. 442; *Churchill v. Crease*. 5 Bing. 180, 492, 493; *Grumley v. Webb*, 44 Mo. 444, 457.

*J. B. Upton* also for appellant.

(1) The court erred in admitting the testimony concerning the record of teachers' contracts, and in allowing the book itself to go to the jury. Upon trial for one crime evidence of an independent crime is inadmissible. The mutilation of a public record with a bad intent is a crime. The record of his contract was no evidence against Grant. Nor is there any evidence tending to show that he tore it out. Gardner testifies that he recorded Grant's contract, and that it was in the book when he turned it over to his successor, Adams. There was no evidence that the book was not torn before Grant got it. The book was an old one. It contained the contracts for 1874; Grant was not clerk until after he was indicted in 1878. Yet, the fact that this book was torn was made the main question in the

case. It went to the jury without any instruction as to its effect. It was admitted over the objection of defendant, and the court refused an instruction excluding it from the consideration of the jury. (2) The letter should not have been admitted. It tended to disprove defendant's version of the transaction; and there was no proof that he wrote it.

*D. H. McIntyre*, Attorney General, for the State.

A teacher's certificate is the subject of forgery under section 15. 2 East P. C., 840; 2 Russ. on Crimes, 708; *Reg. v. Sharman*, Dearsley Cr. Cas. 285. Defendant objected to the introduction of evidence concerning the contract between Grant and the directors, and the alleged mutilation and change in the register containing the same, and the daily attendance of pupils. This register had been in Grant's possession after his indictment, and it was shown that he had made an alteration in it, and it was competent to show that and other circumstances connected with the history of the transaction.

NORTON, J.—The defendant, M. E. Grant, was indicted at the April term, 1878, of the circuit court of Polk county, for forging a teacher's certificate. He was arraigned at the April term, 1881, and pleaded not guilty, and being put upon his trial, was convicted and sentenced to two years' imprisonment in the penitentiary. He moved for a new trial and in arrest of judgment, both of which motions were overruled, when application was made by defendant for an appeal to this court, which was granted. Defendant seeks a reversal of the judgment on the ground that the indictment charges no offense, and the action of the court in admitting evidence and giving improper and refusing proper instructions.

The indictment was framed under section 15, page 470, 1 Wagner's Statutes, which provides that " every per-

The State v. Grant.

1. FORGERY—OF TEACHER'S CERTIFICATE. son who, with intent to injure or defraud, shall falsely make, alter, forge or counterfeit * * any certificate, order or allowance by any competent court or officer, or any license or authority authorized by any statute, shall, upon conviction, be adjudged guilty of forgery in the third degree." That the forging of a school teacher's certificate, with intent to injure or defraud, is an offense under the above statute, we have no doubt, and are of opinion that the indictment in this case sufficiently alleges all the facts which constitute the crime, and that the court properly overruled the motion to quash it.

In the progress of the trial, the State offered in evidence a book, in which contracts with teachers were re- 2. EVIDENCE. corded. Witness Gardner testified that he recorded the contract with Grant in this book, and that it was in the book when he turned it over to his successor, Adams. The leaf of the book containing this contract was torn out, but there was no evidence to show that this leaf was in said book when it came to defendant's possession, and the objection of defendant to its admission for that reason, if no other, should have been sustained.

The State also offered, and the court admitted, over defendant's objection, a note found in the office of Ewing, 3. ——. the school commissioner, purporting to be written by defendant; this note was not shown to be in the handwriting of defendant, and for that reason it was improperly admitted in evidence.

The court, of its own motion, gave the following instruction: "The court instructs the jury that if they be- 4. FORGERY. lieve from the evidence that defendant Grant was going through an examination in a room of Mrs. Bond's house near Morrisville, and that, in the absence of the commissioner, Ewing, a man came into the room and represented himself as having authority from Ewing to examine defendant, and, if found competent, to issue him a certificate, and that he did examine defendant and prom-

ised to send him a certificate by mail, and that the defendant did afterward get this certificate through the mail, and honestly believed that such person had authority from Ewing to issue such certificate, and received the same in good faith, then you will find him not guilty." This instruction is vicious by reason of the words " and honestly believed that such person had authority from Ewing to issue such certificate, and received the same in good faith." Defendant was charged with forging, not uttering a forged certificate. Judgment reversed and cause remanded, in which all concur.