## TERRITORY *v.* ALFRED ALOHIKEA.

## No. 1148.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.
HON. L. L. BURR, JUDGE.

ARGUED DECEMBER 10, 1918.          DECIDED DECEMBER 20, 1918.

COKE, C. J., KEMP AND EDINGS, JJ.

EVIDENCE—*check.*

> The admission of the indorsement of the payee on a check in evidence, without proof of its authenticity, is error.

SAME—*false pretenses.*

> On a trial for obtaining money by false pretenses the indorsement on a check purporting to have been written by defendant is not admissible against him until it is shown to have been in his handwriting.

### OPINION OF THE COURT BY EDINGS, J.

The defendant was tried in the circuit court of the second circuit of this Territory under an indictment charging him with gross cheat and was convicted of that offense. The case comes to this court on exceptions to the jurisdiction of the court, the introduction of evidence and the verdict. The indictment charges that the defendant "did designedly by false pretenses and with intent to defraud, obtain from another to wit, Emily Kaailaau Puleloa, money of the value of to wit, $170.00."

Defendant's exception numbered two is to the court's overruling defendant's objection to the introduction of a certain check. (Prosecution's Exhibit one.) On the trial the prosecuting witness testified as follows: "I sent to him (defendant) $170." "When I sent that money to him, I do not know whether he got it or not." "I sent a bank check." "Ah Fat's check." "I paid Ah Fat the money and

he gave me the check." "I sent the check myself to Alohi-
kea." The witness (for the prosecution) Ah Fat testified
as follows: "Question. How, this check, I will ask you
whether or not this check came back to you through the
bank as having been paid? Answer. Yes," whereupon
the check was offered in evidence by the prosecution and
admitted by the court over the defendant's objection. The
check in question is as follows: "Wailuku, Maui, T. H.
May, 1, 1917. No. 216 The First National Bank of Wailuku,
Pay to the order of Alfred Alohikea $170.00 One Hundred
Seventy Dollars S. Ahfat." Stamped "Bank of Hawaii
Coll. No. 8725 Honolulu, T. H." "Pay to the order of
yourselves The Bank of Hawaii, Ltd., F. B. Damon, Cash-
ier," and is indorsed "Alfred Alohikea." There is not a
particle of evidence to show that the defendant or his agent
or servant, or any one authorized or designated by him,
either directly or constructively, received this check or the
money for which it was drawn, and while the mailing of a
letter, postage prepaid, raises a presumption of receipt by
the addressee, there is not even any evidence to show that
the check was mailed. There can be no question but that
the indorsement on this check is an essential element of
the crime and on a criminal prosecution the burden is on
the prosecution to prove beyond a reasonable doubt, by
competent evidence, every essential ingredient of the crime
charged. The general rule on the subject of proving pri-
vate writings is that before they are receivable in evidence
their due and valid execution or their genuineness and au-
thority must be established. 17 Cyc. 425. This rule has
repeatedly been applied not only to deeds, but to checks,
notes and various other private writings. "Indorsements
upon the back of written instruments are independent
writings and can be read in evidence only after proof made
that they are signed by the party sought to be charged."
*Turrell* v. *Morgan,* 7 Minn. 290. "The regular and usual

evidence of the transfer by indorsement of a check or negotiable note is by proof of the handwriting of the indorser." *Smith* v. *Prescott,* 17 Me. 277. "If the indorsement is not proved the note is inadmissible." *Youngs* v. *Bell,* 4 Cal. 201. "In order to render instruments, checks, admissible in evidence, their execution and the indorsements thereon, unless admitted, must be established by proof." *Sloan* v. *Fist,* 53 Neb. 691. "In an action on a negotiable note the admission of the indorsement of the payee in evidence, without proof of its authenticity, is error." *Hugumin* v. *Hinds,* 71 S. W. 479. "The general rule is that a document, purporting to bear the signature of a litigant, is not admissible in evidence against him unless the signature be proved or admitted." *State* v. *Maddox,* 73 So. 783. "An instrument purporting to be written by defendant is not admissible against him until it is shown to be in his handwriting." *State* v. *Grant,* 74 Mo. 33.

As this check was the sole evidence relied upon by the prosecution to establish the receipt of the money by defendant his conviction on the charge against him was erroneous.

The exception is sustained and as it disposes of the case we deem it unnecessary to discuss the remaining ones.

The cause is remanded to the circuit court for a new trial.

*E. R. Bevins,* County Attorney of Maui, for the Territory.

*Enos Vincent,* for defendant.