(83 South. 93)

## Ex parte EDMUNDS.

## EDMUNDS v. STATE.

(5 Div. 728.)

(Supreme Court of Alabama. June 26, 1919. Rehearing Denied Oct. 23, 1919.)

1. CRIMINAL LAW ☞1017—POWER OF SUPREME COURT TO CONTROL COURT OF APPEALS IN RULINGS ON EVIDENCE.

Under Const. 1901, § 140, on petition for certiorari the Supreme Court has jurisdiction to superintend and control the Court of Appeals as to a rule of evidence, announced by such court in a prosecution for violation of the prohibition law, for the introduction in evidence of a letter without due authentication or proof of defendant's authorship or authorization thereof.

2. CRIMINAL LAW ☞442—NOTE FOUND WITH LIQUORS INADMISSIBLE WITHOUT PROOF OF WRITING.

In a prosecution for violation of the prohibition law by possession of a prohibited quantity of malt liquor, the trial court improperly admitted, without proof that it was written or authorized by defendant, a note found along with the liquor, reading, "Frank, please put this in the lounge and make Elvira burn the boxes and go to sleep and don't talk. B"—defendant's first name being Ben.

Sayre, Somerville, and Gardner, JJ., dissenting.

Certiorari to Court of Appeals.

Ben Edmunds was convicted of a violation of the prohibition law, and appealed to the Court of Appeals, which affirmed (81 South. 847), and defendant petitions for certiorari. Writ granted.

The petition is for writ of certiorari or other remedial writ as may be necessary to secure the revision of the judgment of the Court of Appeals, and sets out the return of an indictment by the grand jury of Russell county October 2, 1918, charging petitioner with a violation of the prohibition law. On October 8, 1918, defendant was legally arraigned and tried, and convicted in said circuit court. That petitioner prayed for and obtained no appeal to the Court of Appeals of Alabama from the judgment pronounced against him in the circuit court, and that on the 8th day of April, 1919, the Court of Appeals entered its judgment, affirming the judgment of the trial court, and that within 15 days after the rendition of such judgment, on, to wit, April 17, 1919, petitioner filed his application in said Court of Appeals for a rehearing, which the Court of Appeals overruled and denied on, to wit, the 6th day of May, 1919, and that petitioner, within 15 days thereafter, and on this date (May 20, 1919), files his application for writ of certiorari or other remedial writ as herein shown. Here follows the facts as stated in the opinion: The state filed a demurrer and a motion to dismiss the petition for certiorari upon the following grounds:

(1) It does not appear from the averments of said petition that the opinion of the Court of Appeals, here sought to be reviewed, is in conflict with the laws of this state or the decision of this court on the subject here sought to be reviewed.

(2) It does not appear with sufficient certainty that the rule alleged to have been made by the Court of Appeals in the case of Ben Edmunds, Appellant, v. State of Alabama, Appellee, is in any wise in conflict with any previous decision of this court on the same subject or point of law.

(3) For aught appearing the decision of the Court of Appeals in the case of Ben Edmunds, Appellant, v. State of Alabama, Appellee, is in all respects in harmony with the decisions of this honorable court upon the same subject. The act creating the Court of Appeals (Acts 1911, pp. 95, 96, § 2) provides that the court shall have final appellate jurisdiction, coextensive with the state, over all misdemeanors and all felonies where punishment has been fixed at 20 years or under. We are aware that this word "final" has been construed by a previous decision of this court, and that the court will undertake to review an opinion of the Court of Appeals where its opinion is in conflict with the decision of this court; but we respectfully submit that this court has neither jurisdiction nor authority to review a decision of the Court of Appeals in cases where their decision is in conflict with some ruling made by this court or the statute laws of the state, and that this is true even though the point decided by the Court of Appeals was decided by it for the first time. In other words, the fact that there is no previous decision of this court or any statute with which the opinion could come in conflict is no ground for this court attempting to review the act of the Court of Appeals, and for this reason we submit that the petition for writ of certiorari should be denied.

Frank De Graffenreid, of Seale, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

THOMAS, J. [1] The petition conforms to the rules governing the same; and petitioner's brief complies with the recent rule requiring certificate of the fact of service of copy of brief on opposing party. This court has jurisdiction, under section 140 of the Constitution, to superintend and control the Court of Appeals as to the rule of evidence announced by the latter court for the introduction of the letter in question, without due authentication or proof of defendant's authorship or authorization thereof. The state's motion is overruled; and we will consider the ruling in question in its relation to the true rule of evidence governing in this jurisdiction. Ex parte L. & N. R. R. Co., 176 Ala. 631, 58 South. 315.

Petitioner was indicted for and convicted

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of a violation of the prohibition laws. The sheriff found a prohibitive quantity of malt liquor in a room which it is contended was in defendant's possession. The evidence for the state tended to show the burglary of a freight car and the taking therefrom of beer of the quantity and kind found stored in said room. Defendant denied the possession or occupancy of the room and any knowledge or participation in the burglary or taking of the beer from the car.

[2] Defendant's counsel thus concisely states the question for decision:

"Over the objection of the defendant the state was permitted to introduce as evidence in the case a certain note or paper writing, alleged to have been found along with the prohibited liquors. It was not shown that the note was written by the defendant, or at his instance, or that he had anything to do with the placing of the note where it was found. The note was in words and figures as follows, to wit (Exhibit B): 'Frank, please put this in the lounge and make Elvira burn the boxes and go to sleep and don't talk. B.' A witness for the state testified that the beer in question was stolen from the depot of the Central of Georgia Railway Company at Girard, Ala., and that the defendant had confessed that he stole the beer from a certain automobile stored in a certain garage. The defendant denied absolutely making the confession; denied all knowledge of the theft; denied possession both of the beer and of the room in which it was found."

Over the objection of the defendant, timely interposed, that the execution of the above note or paper writing had not been traced to the defendant, and "that it was not shown that the note or paper writing was sent under any authority from the defendant, the state was permitted by the trial court to introduce said note, or paper writing, in evidence against the defendant. The defendant moved to exclude said note, or paper writing from the consideration of the jury upon said grounds, which motion the trial court overruled."

The opinion of the Court of Appeals contains the announcement that—

The "defendant's contention in this connection is without merit, and the cases cited by him are not applicable here, nor do they afford any authority for the question involved. In response to the question by the solicitor to Sheriff Lindsay, who had testified that he made a search of the room of the defendant, 'Did you find anything there?' he answered, 'We found 4½ cases of beer with this note on top of it.' The note was as follows: 'Frank, please put this beer in the lounge and make Elvira burn the boxes and go to sleep and don't talk. B.' It was also shown that there was a lounge in the same room, and that 91 bottles of beer were found inside the lounge. It is not shown that the note was written by the defendant or at his instance, or that he had anything to do with the placing of the note there, other than the evidence to the effect that he had stolen the beer that was recovered. The note which was found on top of the beer was as much admissible as a label on the bottle, or a tag on the boxes. Johnson v. State, 78 South. 716.[1] In other words, it was open to the jury to find that this note was connected with the presence of the beer at this particular place, and was a part of the circumstances surrounding its presence there."

In the admission of this evidence over defendant's due objection and exception, the trial court was in error. It is a well-established rule of evidence that where a letter, note, or telegram is received in due course, the same is not admissible as evidence against the author or sender, without proof of handwriting or authority, unless the same is in reply to a communication sent to the sender by the sendee. Rike v. McHugh, 188 Ala. 237, 66 South. 452; C. W. Zimmerman Mfg. Co. v. Dunn, 163 Ala. 272, 277, 50 South. 906; Owensboro Wagon Co. v. Hall, 149 Ala. 210, 223, 43 South. 71; L. & N. R. R. Co. v. Britton, 149 Ala. 552, 554, 43 South. 108; Hightower v. Ogletree, 114 Ala. 94, 103, 21 South. 934; O'Connor Min. & Mfg. Co. v. Dickson, 112 Ala. 304, 308, 20 South. 413.

The rule of evidence announced is contrary to that prevailing in this jurisdiction in criminal cases. In Jordan v. State, 52 Ala. 188, 190, the justice says that—

"Where the admission of evidence to the jury depends upon the proof of some fact as a foundation, such fact must be shown to the court. Paysant v. Ware & Barringer, 1 Ala. 161. But if the genuineness of an instrument of writing is the fact in question, the 'preliminary proof of its execution, given before the judge, does not relieve the party offering it from the necessity of proving it to the jury. The judge only decides whether there is, prima facie, any reason for sending it at all to the jury.' 1 Greenleaf's Ev. § 49; Halliday v. Butt, 40 Ala. 178."

In Burton v. State, 107 Ala. 108, 126, 18 South. 284, 288, the court observed of the notes found on the body of the deceased that they were properly admitted in evidence:

"The handwriting of the defendant" being sufficiently proven to authorize their admission. In addition, there was independent evidence of written communications passing from defendant to deceased during school hours, in regard to a matter that defendant desired should be kept concealed from others."

In Williams v. State, 123 Ala. 39, 26 South. 521, the letter written by one of defendants after the robbery, stating that he and his codefendant had $15, was held admissible with other evidence to prove the amount of money taken.

In the recent edition of Wharton's Criminal Evidence, the rule is thus stated:

"Private writings, such as letters, telegrams, memoranda, and private publications, such as circulars or newspaper articles, when properly proved, are admissible in evidence in criminal cases, when relevant to the issues on trial. Such

[1] 16 Ala. App. 453.

writings and publications are documents, within the definition of that word as used in this work. The rule of admission is not extended in favor of such writings and publications, because, as a predicate of their admission, they must be duly authenticated and proved with the same solemnity as formal writings. But, when this condition is satisfied, the admissibility of such writings is dependent on their relevancy to the issues joined, and not upon their scope or character, as both court and jury are entitled to have all the aid that such evidence can legally bring to charge on trial." Wharton's Crim. Ev. vol. 2 (10th Ed.) p. 1102, § 527d.

Again the rule finds statement under "Proof of the Execution of Documents," § 546, pp. 1134–1136, of the same volume, as follows:

"There is, in addition to such documents, a large number of documents that cannot be classified under any general head, such as private memoranda, private writings, marks, brands, labels, abbreviations, symbols, and other indicia that frequently have an important bearing upon matters in litigation; and these must depend, for proof of their execution, upon testimony from some person qualified to testify to their execution and use for designated purposes. * * * The degree of proof is not lessened because the document is informal or not within a recognized statutory class, but proof of the execution of such document must be duly made. Thus a document purporting to be written by defendant is not admissible until it is shown to be in his handwriting." Langford v. State, 9 Tex. App. 283, 287, 288; State v. Grant, 74 Mo. 33, 36.

In Langford v. State, supra, the justice observes of the introduction of a bill of sale without proof of execution by appellant:

"We are at a loss to know upon what principles of the law of evidence the statements, either of Mrs. Langford or of the witness Flint, could be legal evidence against appellant, he not being present. Before a jury they were calculated to, and no doubt did, prejudice his case. We think the bill of sale should have been shown to have been executed by appellant before admitting it in evidence."

And in State v. Grant, supra, it is stated that—

"The state also offered, and the court admitted, over defendant's objection, a note found in the office of Ewing, the school commissioner, purporting to be written by defendant. This note was not shown to be in the handwriting of defendant, and for that reason it was improperly admitted in evidence."

Such writings as that in question, to be properly given in evidence against the defendant, must be duly authenticated and proved; and, after such proof or authentication, are competent and legal evidence not to determine the reciprocal rights of parties under the writing, but as collateral evidence merely, tending to prove or disprove some fact in issue. As shown by the decisions, the instances in which such writings are admissible in evidence in civil and criminal trials of necessity are determined by the issues in the concrete case. 10 R. C. L. pp. 1094, 1095, § 295.

It results from the foregoing that there was prejudicial error committed by the trial court in the admission in evidence over defendant's objection of the note found by the sheriff on the beer, without due authentication or connection of defendant therewith.

Let the appropriate writ of certiorari issue to the Court of Appeals pursuant to the prayer of the petition.

Writ granted.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.

SAYRE, SOMERVILLE, and GARDNER, JJ., dissent.