### Corporation-Conferred Diplomas

PACKEL, Attorney General, December 18, 1973.— You have asked whether a corporation can award diplomas to graduates of their programs without first meeting the degree-granting requirements as set forth in sections 211 and 312 of the Nonprofit Corporation

Law of May 5, 1933, P. L. 289, as amended, 15 PS §7211, 15 PS §7312.*

You are advised that a corporation can confer a diploma if that diploma goes no further than to document that a student has completed a program and it can do so without first meeting the requirements as set forth in sections 211 and 312 of the Nonprofit Corporation Law. However, you are further advised that a corporation cannot confer a diploma if that diploma attempts to document that a degree, such as an A.A. or B.A., is being conferred on the student unless the corporation attempting to confer the diploma has met the degree-granting requirements as set forth in sections 211 and 312 of the Nonprofit Corporation Law.

The law is clear that a corporation cannot confer a degree without first meeting the requirements of sections 211 and 312 of the Nonprofit Corporation Law, since section 3 of the Nonprofit Corporation Law of 1972 provides as follows:

"Every proposed nonprofit corporation which is to have the power to confer degrees in art, pure and applied science, philosophy, literature, law, medicine, and theology or any of them shall comply with the provisions of sections 211 and 312 of the Nonprofit Corporation Law of 1933 in addition to all other requirements of law": Act of November 15, 1972, P. L. 885 (No. 271), effective in 90 days.

---

* It should be noted that this department has earlier ruled that the degree-granting requirements of the Nonprofit Corporation Law, supra, apply to all corporations and other legally recognized organizations, profit and nonprofit alike. See informal opinion of Deputy Attorney General Harriette W. Batipps, directed to Dr. Warren D. Evans, entitled "Degree Granting in the Commonwealth of Pennsylvania," April 6, 1972.

Therefore, the question that must be answered is whether section 3 of the Nonprofit Corporation Law of 1972, by prohibiting corporations from conferring degrees without first meeting the degree-granting requirements, also prohibits corporations from conferring diplomas without first meeting such requirements.

It is thus important to determine what a diploma is and what the relationship is between the granting of a diploma and the conferring of a degree.

I. The dictionary definition of the terms "diploma" and "degree" shed some light in this area.

A "diploma" is defined as:

"[A] document bearing record of graduation from *or* of a degree conferred by an educational institution." Webster's Third New International Dictionary.

A "degree" is defined as:

"[A] title conferred upon students by a college, university, or professional school upon completion of a unified program of study carrying a specified minimum of credits, passing of certain examinations, and often completion of a thesis or other independent research project": Webster's Third New International Dictionary.

Under the definition of a "diploma," it seems clear that a diploma can either be a certificate to demonstrate that a student has completed a program at an institution, or it can go further and be a certificate to evidence that a student has completed a program and is being awarded a degree for a completion of that program.

II. The courts have given conflicting definitions of the term "diploma." This seems to be due to the fact that the courts looked to the dictionary definition or common usage of the term at the time each case was decided.

In 1866, the Alabama courts, relying on the dictionary definition of the term, stated that:

"A diploma is an instrument, usually under seal, 'conferring some privilege, honor, or authority; now almost *wholly restricted* to certificates of degrees conferred by universities and colleges.' Worcester's Dictionary": Halliday v. Butt, 40 Ala. 178, 183 (1866). (Italics supplied.)

In 1884, the Supreme Court of Missouri, relying on the dictionary definition of the term "diploma," stated that:

"[A] diploma is said to be 'a document bearing record of a degree conferred by a literary society or educational institution.' Webst. Dict.": State ex rel. Granville v. Gregory, 83 Mo. 123, 130, 53 Am. Rep. 565 (1884).

These definitions appear to make the issuing of a diploma synonymous with the conferring of a degree.

In the case of Valentine v. Independent School District, 183 N.W. 434 (1921), the Supreme Court of Iowa defined a diploma as:

"[T]he written or printed evidence endorsed by the proper authorities that the person named thereon has completed a prescribed course of study in the school or institution named therein": 183 N.W. 434, 437 (1921).

This definition does not make the issuing of a diploma synonymous with the conferring of a degree.

The Supreme Judicial Court of Massachusetts construed a statute similar to section 3 of the Nonprofit Corporation Law of 1972, supra, in Commonwealth v. New England College of Chiropractic, Inc., 221 Mass. 190, 194, 108 N.E. 895 (1915). In that case, the court dealt with the question of whether a diploma was a degree when that diploma declared a

student to be a doctor of chiropractic. The statute construed by the court in this case provided that:

"Whoever, without the authority of a special act of the General Court granting the power to give degrees, offers or grants degrees as a school, college or as a private individual . . . shall be punished."

The court held in that decision that a "degree" was

" [A] ny academic rank recognized by colleges and universities having a reputable character as institutions of learning, or any form of expression composed in whole or in part of words recognized as indicative of academic rank, alone or in combination with other words, so that there is conveyed to the ordinary mind the idea of some collegiate, university or scholastic distinction. While this definition may not include all instances, it is sufficiently accurate for the present case. *The ordinary diploma of public or private schools, simply certifying to the completion of a course of study, does not contravene the statute.* But, when a title like 'Doctor,' commonly associated with unusual skill acquired by academic or professional study in schools or colleges, is conferred either separately or associated with other words, the statute is violated": At page 897. (Italics supplied.)

The implications of this case are that the court does not view the issuing of a diploma to be synonymous with the conferring of a degree.

III. Black's Law Dictionary takes its definition of "diploma" from State v. Gregory, supra, and defines a diploma as:

"An instrument given by colleges and societies upon the conferring of any degrees. State v. Gregory, 83 Mo. 130, 53 Am. Rep. 565": Black's Law Dictionary 545 (Rev. 4th ed. 1968).

Ballentine's Law Dictionary takes its definition of

"diploma" from Halliday v. Butt, supra, and defines a diploma as:

"An instrument, usually under seal, 'conferring some privilege, honor, or authority; now almost wholly restricted to certificates of degrees conferred by schools, universities and colleges.' Halliday v. Butt, 40 Ala. 178, 183": Ballentine's Law Dictionary 349 (3rd ed. 1969).

Consequently, both legal definitions rely on cases which define "diploma" in accordance with the common usage of the term at the time the cases were decided.

IV. Two Attorney General's Opinions in the past advised that the issuing of a diploma was the same as the conferring of a degree: 1903-1904 Op. Atty. Gen. 333, 14 Dist. 322; 1919-1920 Op. Atty. Gen. 33. The opinion of the Attorney General issued in 1904 relied on the common usage of the term "diploma" at the time the opinion was issued and the opinion of the Attorney General issued in 1920 relied on the definition of "diploma" as found in State v. Gregory, supra.

V. In a number of the statutes of Pennsylvania, the legislature uses the term "diploma" interchangeably with the term "certificate." See February 22, 1855, P. L. 46, sec. 4, 24 PS §2534; March 10, 1949, P. L. 30, art. XX, sec. 2007, as amended, October 21, 1965, P. L. 601, sec. 48, 24 PS §20-2007; August 24, 1963, P. L. 1132, sec. 13, 24 PS §5213. This seems to indicate that the legislature views a diploma as a written instrument which may or may not purport to confer a degree, depending on language used on the face of the written document.

In light of the above, it is clear that there is conflicting law as to whether the issuing of a diploma is necessarily synonymous with the conferring of a degree or

whether the issuing of a diploma can in some situations merely evidence that a student has completed a nondegree program at an institution. In view of this fact, it is appropriate for us to opt for the definition which effectuates the better rule of law. The better rule under these circumstances would be one that recognizes present-day custom and practice and creates little, if any, danger to the public. The present-day common usage of the term seems to indicate that a diploma can either be a certificate to demonstrate that a student has completed a nondegree program at an institution or it can be a certificate to evidence that a student has completed a degree program. This is evidenced by the present-day dictionary definition of "diploma" as well as by the fact that the high schools of the Commonwealth are authorized to and do issue diplomas to persons upon graduation from high school: 22 Pa. Code §5.81.

The danger to the public, in this instance, a deception premised on the use of a diploma for fraudulent or deceitful purposes is minimal.

First, we hold that a diploma cannot be evidence of satisfaction of degree requirements unless issued by nonprofit corporations meeting the degree-granting requirements of sections 211 and 312 of the Nonprofit Corporation Law. Second, should a diploma be issued which expresses or attempts to create the impression that it is a paper evidencing the completion of a program leading to a degree, when in fact no requirements necessary for the granting of a degree were fulfilled, the Unfair Trade Practices and Consumer Protection Law of December 17, 1968, P. L. 1224 (No. 387), sec. 1, 73 PS §201, et seq., would, in most instances, prohibit the practice.

Finally, we note that prior to the enactment of the new Crimes Code, December 6, 1972, P. L. 1068 (No. 334), sec. 1, et seq., 18 PS §101, et seq., there existed

a statute prohibiting issuance of diplomas purporting to confer an academic degree in certain situations: June 24, 1939, P. L. 872, sec. 674, 18 PS §4674. An examination of that statute indicates that it would probably be difficult, if not impossible, of application and was wisely repealed with the enactment of the new Crimes Code, supra. Research indicates that there were apparently no prosecutions under that particular statute. In this light, the opinion set forth in this letter will not affect the risk of harm to the public and will have the salutary effect of clarifying the law in a manner which will make it comply with present practice.

Consequently, you are advised that a corporation can award a diploma without first meeting the degree-granting requirements if that diploma goes no further than to document that a student has completed a program. If, however, a corporation attempts to award a diploma that confers a degree, such as an A.A. or B.A., it cannot do so unless it first meets the degree-granting requirements of sections 211 and 312 of the Nonprofit Corporation Law.