# Louisville & Nashville R. R. Co. *v.* Britton.

## Damages for Loss of Goods.

(Decided Feb. 14th, 1907. 43 So. Rep. 108.)

1. *Evidence; Letters; Admissibility; Proof of Genuineness.*—In the absence of proof of the genuineness of the signature or that they were written in response to a letter from plaintiff, letters received by plaintiff are not admissible against the purported writer or his principal.

2. *Same.*—Where a letter was produced by defendant upon notice to do so, and it was shown to have been written by plaintiff in response to one from defendant's agent and mailed to him, it was admissible, if other wise relevant.

3. *Carriers; Loss or Conversion of Goods; Jury Question.*—Whether or not plaintiff paid the freight upon the goods, held, under the evidence in this case, a question for the jury.

4. *Same; Admissibility of Evidence.*—It was permissible to show by a witness that defendant's claim agent showed him a box of slippers and told them they were plaintiff's and offered to sell them to witness, as tending to show that defendant was in posession of the property and exercising acts of ownership over it; it having been shown that such agent was in charge of the claim department of defendant company.

5. *Trial; Instructions; Statement of Parties Contentions.*—It was not error for the court, in giving its oral charge, to state plaintiff's contentions to the jury.

6. *Carriers; Loss of Goods; Unqualified Refusal to Deliver.*—A carrier may require the production of the bill of lading before consenting to deliver goods. This is a qualified refusal. But a general or unqualified refusal may be shown as evidence of a conversion. But whether qualified or unqualified, held, under the evidence in this case, a question for the jury.

[Louisville & Nashville R. R. Co. v. Britton.]

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by E. H. Britton against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

See 39 South. 585.

This was an action begun by the appellee against appellant in the justice court to recover for the value of a case of shoes alleged to have been delivered to the defendant for shipment and never delivered to consignee. It was removed on motion of appellant to the circuit court by certiorari, and there tried, resulting in a verdict for the plaintiff. The facts sufficiently appear in the opinion. The court in its oral charge, said: "This is a suit by the plaintiff against the defendant for the conversion of certain goods, which the plaintiff claims were shipped to him from certain parties. Plaintiff claims that these goods were shipped, and that the defendants received them; and after the reception of these goods plaintiff claims that he paid the freight on the goods. Plaintiff further claims that the defendant received the freight payment. He further claims that through one Steve Johnston he demanded possession of these goods, and he further claims that he paid for these goods and thereby became the owner of them. If you are reasonably satisfied from all the evidence that that is true, the plaintiff would be entitled to recover, unless you are reasonably satisfied of the truth of one of the defendant's pleas, which pleads the general issue, not guilty, and, secondly, that the goods were held on account of a nonproduction of the bill of lading. Well, if you are reasonably satisfied from the evidence that the goods were held on account of the nonproduction of the bill of lading, that they were held for that reason, and you are further satisfied that they were honest in that, why, the plaintiff could not recover." The assignment of error as to this charge, and the exception reserved thereto, is that it stated the contention of the plaintiff.

GREGORY L. SMITH and JOEL GOLDSBY, for appellant. The court improperly admitted the letters in evidence.— *O'Connor Mining Co. v. Dickson*, 112 Ala. 304. Under

the proof in this case the refusal to deliver the goods did not constitute a conversion and the charges requested by defendant on that theory should have been given.— *Alexander v. Southey,* 7 S. & L. 85; *Butler v. Jones,* 80 Ala. 428; 5 A. & E. Ency. of Law, pp. 202-3; *Bank of Rochester v. Jones,* 4 N. Y. 498; *Neal v. Rogers,* 23 S. E. 702. The carrier has the absolute right to have the bill of lading produced before delivering the goods.— *Ratzer v. Burlington,* 66 N. W. 988; *Peoria Nat. Bank v. Northern R. R. Co.,* 58 N. H. 203; *Grayson Co. Nat. Bank v. N. C. & St. L. Ry.,* 79 S. W. 1094.

ERWIN & McALEER, for appellee.—The court properly admitted in evidence the freight bill.—*Bowdoin v. Alt. C. L. Ry.,* 41 South. 294. Counsel discuss other assignments of error but cite no authority.

HARALSON, J.—1. The plaintiff introduced two letters signed "G. J. Santa Cruz," one dated June 6th, 1902, and the other, October 11th, 1902. The defendant objected to their introduction, on the ground among others, that the signature to the letters was not shown to be the signature of G. J. Sana Cruz. It was not shown that either of the letters was in response to any letter from the plaintiff. The objection should have been sustained. It is settled with us, that "a letter received by another through the mail, at least, one not in response to a letter previously sent to the purported writer, is not admissible against the purported writer, or his principal, without proof of its genuineness."—*O'Connor Min. & Mfg. Co. v. Dickson,* 112 Ala. 308, 20 South. 413.

2. The plaintiff also offered in evidence a letter dated the 13th of October, 1902, written by himself to defendant's said agent, which letter purports to be in reply to one from the agent, and which the witness, Britton, testified he had written and mailed, and it was admitted that this letter was produced by the defendant under notice from the plaintiff. It was objected to, because irrelevant and immaterial, and because it was the mere declaration of the plaintiff as to past transactions, which was not competent evidence against defendant. On the other appeal in this case, it was held, and

we decline to depart from that holding, that the evidence, for reasons there stated, was competent.—39 South. 585.

3. The plaintiff offered in evidence a freight bill, for "1 c. of shoes" (one case of shoes), marked paid, January 11, 1902, "Geo. J. Santa Cruz." Bufkin, a witness for the plaintiff, who was an employe in the claim department of the defendant company, testified that he knew of a case of felt slippers belonging to Mr. Britton, the plaintiff, that was in the possession of the defendant; that a claim had been presented by Mr. Britton for $35 for these shoes, and he saw the case after the claim had been presented; that there were two cases of shoes, one arrived at Mobile January 11, and the other February 13, 1902, and that they did not come on the same car. The freight bill, set out in the bill of exceptions, was shown to the witness, and he testified that the waybill had two cases of shoes on it, and read, "1 case of shoes, weight 130 pounds; that the weight and charges included, for two cases, one case to follow this number, but that this was the waybill upon which the first case of slippers came; that that case was delivered; that the second case of slippers, which are in controversy, did not come on that car."

The plaintiff testified that he bought two cases of slippers from Daniel Green Felt Shoe Company, and they sent him a bill therefor, which was afterwards introduced, dated December 24, 1901, and that he paid the bill. He further testified, that the defendant company sent him a freight bill, which the witness produced and identified, and that he paid it. This freight bill was introduced in evidence over the objection of defendant, that it was irrelevant and incompetent. This freight bill purports to be dated January 11, 1902, was for one case of shoes, weighing 100 pounds, freight and charges $1.93. This evidence tends to show that this freight bill was for the case of shoes, which plaintiff's witness, Bufkin, said arrived, January 11, 1902, and had no reference to the other case, which arrived February 13, 1902. It also tended to show that this was the case, the freight bill for which was sent by defendant's agent to plaintiff on the 11th of January, 1902, and which plain-

tiff paid on that date. There is no evidence that plaintiff paid a freight bill on but one case. The plaintiff testified further on, that the bill of lading did not come, and he wrote for a duplicate in March following, which was sent to him.

Under the foregoing evidence, it was for the jury to determine whether the defendant presented and plaintiff paid the freight on the case of shoes in question, and was not one for the court to decide as a matter of law.

4. The evidence of the witness, Groom, was, that Bufkin, the claim agent of defendant, showed him some slippers which he said belonged to the plaintiff, and offered to sell them to him. They were in a box marked E. H. Britton, the name of the plaintiff, and were from the Daniel Green Felt Shoe Company. This statement of the witness was not in response to any question propounded to him, on which ground the defendant moved to rule it out, and on the further ground that it was not binding on defendant. The objection was properly overruled. The evidence of the witness tended to show that defendant was in possession of the property sued for, which it was exercising ownership over in proposing to sell it; and it was in evidence that Bufkin was in charge of the claim department of the defendant company. The company had to act through agents.

5. We find no error in that part of the oral charge of the court excepted to by defendant. It correctly stated the plaintiff's contention, whether that contention was right or wrong. The charge was rather favorable to the defendant than otherwise.

The defendant might have properly refused to deliver the goods, without the production of the bill of lading, and if it put its refusal upon that ground, this would be a qualified refusal, and would not make it guilty of a conversion. On the other hand, if the refusal was general, and unqualified, this would be evidence of a conversion. Whether the defendant's refusal was the one or the other, under the testimony, was a question for the jury.

For the errors pointed out the judgment is reversed and the cause is remanded.

[Farley, et al. v. Mobile & Ohio R. R. Co.]

Reversed and remanded. .

TYSON, C. J., and SIMPSON, and DENSON, JJ., concur.