# Central of Georgia Ry. Co. *v.* Malone.

## *Damage for Loss of Goods.*

(Decided Feb. 10, 1910.   51 South. 730.)

1. *Evidence; Letters; Admissibility.*—Where letters were written by agents purporting to be within the scope of their authority and duty, one of which was proven by the writer, and the other he testified he received in reply thereto, the letters were admissible.

2. *Same; Authentication.*—Where it apeared that a purported writer of a letter had a number of clerks in his office. and it was open to the jury to infer that the letter was either written by the writer or by someone authorized to bind him, the purported letter was not rendered inadmissible by the testimony of a witness that the signature of the letter received by him in answer to his letter, was not that of the purported writer.

3. *Pleading; Amendment; Departure.*—Under section 5329, Code 1907, whether a count in an action against a carrier for loss of goods was in assumpsit or case, a count in trover for the conversion of goods was properly permitted to be added by amendment. and was not a departure from the original cause of action.

4. *Appeal and Error; Review; Pleadings; Not Raised in Trial Court.*—An objection to the allowance of amendment not properly raised in the trial court cannot be properly raised for the first time on appeal.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by G. H. Malone against the Central of Georgia Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count is as follows: "Plaintiff claims of the defendant $300 damages, for the failure to deliver certain goods, viz., one bale of wool, weighing 850 pounds, received by defendant as a common carrier at Samson, Alabama, on or about July, 1907, to be delivered to plaintiff at Dothan, Alabama, for a reward, which he failed to do." The count added by way of amendment is as follows: "Plaintiff claims of the defendant the sum of $350 damages for the conversion by him on or about the 25th day of August, 1907, of the following personal property, to wit: One bale of wool, transported by defendant from Samson, Alabama, to plaintiff at Dothan, Alabama, the personal property of the plaintiff." The letters referred to are as follows: "W. B. McKinstry, F. C. A., Savannah, Ga.: I have advice from agent at Auburn that he forwarded a large bale of wool, weighing about 700 pounds, with no mark, to unclaimed freight department, a few weeks ago. Please advise what disposition was made. C. C. Bennett, Agent." The other letter was addressed to "C. C. Bennett, Agent, Dothan, Ala." and signed "W. B. McKinstry, F. C. A." Its contents were: "This bale of wool was sold with overfreight."

R. D. CRAWFORD, for appellant.—The court erred in the admission of the letters.—*O'Conner v. Dixon,* 112 Ala. 308; *Hightower v. Ogletree,* 114 Ala. 106; *Cobb v. Malone,* 91 Ala. 189. Counsel insist that under the new statute of amendments, the court erred in permitting the amendment allowed in this cause. They also insist that the general charge as to count 2 should have been given.—Hutchinson on Carriers, Sec. 148.

[Central of Georgia Ry. Co. v. Malone.]

B. F. REID, for appellee.—No brief came to the Reporter.

MAYFIELD, J.—The case made on appeal is stated by counsel for appellant as follows: "One J. J. Morris, of Samson, Alabama, shipped to appellee a bale of wool supposed to weigh 850 pounds, from Samson, Alabama, to Dothan, Alabama, over appellant's line of railroad. The wool arrived at destination, was receipted for by appellee's drayman, but who it seems never actually received the wool. Later, appellee received this wool on the compress platform, but he insists that appellant again took charge of the wool and converted it, and it was on this point of conversion that the cause was contested, the main question being the identity of a bale of wool which was sold by appellant, and whether or not said bale was the wool lost by appellee. The first assignment of error is the overruling of appellant's objection to the introduction of a letter from McKinstry, appellant's freight claim agent, to C. C. Bennett. Appellant's agent at Dothan, in an effort to locate appellant's wool, wrote McKinstry a letter, set out on page 5 of the transcript, put it in an envelope, sealed it, and addressed it to McKinstry, at Savannah, his post office, and delivered it to the baggage master, and a few days thereafter witness Bennett received the letter, on the top of page 6 of the transcript, with McKinstry's name signed to it, and this letter is the one to which objection is interposed."

There was no error in admitting this letter in evidence. Both letters purported to be written by agents of the defendant railroad company, within the line and scope of their authority and duties. The first letter was proven by the agent who wrote it, and it was proven that he directed it to the other agent; and he testified

[Central of Georgia Ry. Co. v. Malone.]

that the second letter was received by him in answer to the one he wrote.

The letters related to the subject-matter of the suit, and both were admissible in evidence under this showing. The second letter would have been clearly admissible in evidence if it had been shown that it was in answer to the first, which was mailed postage prepaid, and properly addressed. While all of this was not shown, yet it was proven without objection that the second letter was received by the writer of the first, in answer to the first letter; and the second, on its face, tends to show that it was an answer to the first, which was fully proven, thereby rendering the second admissible.

The fact that witness testified that the signature to the letter was not that of the purported writer did not render it inadmissible in evidence. It was shown that the purported writer had a number of clerks in his office, and it was open for the jury to infer that the letter was written by McKinstry or by some one authorized to bind him and the defendant as to the contents of the letter. If, as a matter of fact, it was not binding on the agent or the defendant, it would have been an easy matter for defendant to show it; both letters were in its possession, and were known of, and testified to, by its agents.

The court properly declined to give the general affirmative charge for defendant as to the count in trover. There was evidence tending to show a conversion of the property by defendant, as claimed in this count.

There was no valid objection to allowing the second count in trover to be added by amendment. It was not a departure from the original count, and was allowable under the present Code, whether the first count be in assumpsit or in case.—Code 1907, § 5329.

If this were not true, we are not sure that the question was properly raised in the trial court; and, if it was not so raised, it cannot be raised for the first time on appeal.

Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.