[Rike v. McHugh & Groom.]

# Rike *v.* McHugh & Groom.

## *Assumpsit.*

(Decided November 7, 1914.   66 South. 452.)

1. *Brokers; Compensation; Ability and Willingness of Purchaser; Waiver.*—Before a broker is entitled to commission he must procure a purchaser able and ready to comply with the terms and conditions of sale. and while the condition as to the ability of the purchase is waived if the owner accepts him knowing or with notice that he is not able, or' will not be able to comply with the terms of the sale, yet where no contract is made between the owner and such purchaser, there is no such waiver, though the owner accepts the purchaser, unless at the time of the acceptance he has notice of the purchaser's inability or unwillingness to comply with the terms of the sale.

2. *Same; Instruction.*—A charge that if an agent communicated to an owner the name of a purchaser, and the owner accepted the purchaser without objection, that in law, operated as a waiver of the requirement that the purchaser be ready, able and willing to buy, although erroneous, was not harmful where the uncontradicted evidence was that the purchaser was ready and willing to purchase, and the failure to carry out the contract arose from some other cause; and this is especially true in view of the fact that the court further charged that unless the owner accepted the prospective purchaser without qualification, then the evidence must reasonably satify the jury that the purchaser was able to make the required payments.

3. *Same.*—Where the evidence was uncontradicted that the prospective purchaser was ready, able and willing to make and comply with the terms of sale, and that the contract fell through from some other cause, a charge asserting that unless the jury were reasonably satisfied from all the evidence that the purchaser was able to pay cash for the property on or before a certain date, then they should find for defendant, was misleading and inapplicable to the evidence.

4. *Evidence; Letters; Preliminary Proof.*—Unless it is in reply to a communication sent by the addressee thereof, a letter or telegram received in due course is not admissible as evidence against the purported sender thereof, without proof that he sent it, or proof of his handwriting.

5. *Same.*—It was proper to admit in evidence a telegram where it was shown that it was in response to a telegram sent to the purported sender thereof, and it further appeared that a letter of the same date fully covered and confirmed the matter set out in the telegram.

6. *Appeal and Error; Harmless Error; Evidence.*—The admission in evidence of the telegram without the necessary preliminary proof was harmless, or cured by the subsequent introduction of a subsequent letter clearly referring to the telegram, and covering the same mat-

ter; especially where it appeared that subsequent to the telegram all negotiations between the parties were broken off, and that it was by reason of a renewal of their relations that further proceedings were had, and plaintiff's claim was not dependent upon nor controlled by such telegram.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by McHugh & Groom against E. G. Rike, for work and labor done. Judgment for plaintiff, and defendant appeals. Affirmed.

The controversy seems to have been over the sale of a house belonging to Rike; the sale having been made through the agency of plaintiffs to one Mr. Seeberg, which fell through for some reason not disclosed by the record, but after considerable correspondence had passed between the parties, and after the papers had been delivered by Rike to one Moore. The charge complained of appears in the opinion. The charge made the basis of the eleventh assignment of error is as follows (requested by defendant):

"I charge you, gentlemen, that unles you are reasonably satisfied from all the evidence that Mr. Seeburg was able to pay cash for the said property on or before November 1, 1913, then you should return a verdict for defendant."

GORDON & EDDINGTON, for appellant. The court erred in allowing the telegram of May 5, to be introduced in evidence.—§ 3972, Code 1907; *O'Connor M. & M. Co. v. Dixon,* 112 Ala. 208; *L. & N. v. Britton,* 149 Ala. 554. The court erred in not excluding plaintiff's evidence on motion, as it did not disclose that the purchaser was ready, able and willing to purchase said property upon the terms and conditions prescribed by the owner.— *B'ham L. & L. Co. v. Thompson,* 86 Ala. 149; *Sayre v. Wilson,* 86 Ala. 156; *Smith v. Sharp,* 162 Ala. 439. On

these authorities, counsel insist that error prejudicial intervened in the charges given for plaintiff and
refused to defendant.

WILLIAM COWLEY, for appellee. The telegram was in
response to previous communications, and was fully
covered and identified by the letter which was admittedly between the parties. No waiver is shown.—40 Cyc.
254. There was no error in the charges.—*Allen v.
White,* Minor, 365.

GARDNER, J.—The general rule of law is everywhere recognized to be that: "To entitle an agent or
broker to commissions, he must show that he procured
a purchaser who was able and ready to comply with
the terms and conditions of sale."—*Cook v. Forst,* 116
Ala. 395, 22 South. 540; *Birmingham v. Thompson,* 86
Ala. 146, 5 South. 473; *Sayre v. Wilson,* 86 Ala. 151, 5
South. 157; 19 Cyc. 246; *Smith v. Sharpe,* 162 Ala. 439,
50 South. 381, 136 Am. St. Rep. 52.

The court charged the jury that: If "the real estate
agent communicates to the owner the name of the purchaser without objection, then that, in law, operates as
a waiver of the requirement that the purchaser be ready,
willing, and able to buy. In other words, the owner of
the property takes that risk for himself, whether the man
is able to buy or not."

There is no doubt about the fact that if the owner of
the property, at the time he accepts the purchaser,
knows or has notice that he is not or will not be able
to comply with the terms of sale, and with that knowledge accepts him as a purchaser, though a binding contract is never made between them, the owner would
thereby waive such condition.

In the case of *Sayre v. Wilson, supra,* the purchaser
was a feme covert, which fact was known to the owner,

and he, with that knowledge, accepted her, thereby waiving that infirmity.

The rule with reference to the exact point in hand seems to have been decided in the case of *Kalley v. Baker*, 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542, that a broker employed to sell property becomes entitled to his commission when he finds a purchaser satisfactory to his employer, and they enter into a contract of purchase and sale, though it subsequently turns out that the purchaser is unable to comply with his contract, and on that account the sale is not consummated by transfer of the property. This question also came up in the case of *Scully v. Williamson*, 26 Okl. 19, 108 Pac. 395, 27 L. R. A. (N. S.) 1089, Ann. Cas. 1912A, 1265, wherein it is said: "In the case at bar the broker brought to the owner of the property a prospective purchaser, with whom the owner was satisfied, and with whom he executed a contract for a sale, thereby determining for himself the ability of the purchaser to purchase. For any violation of this contract by the purchaser, defendant had his remedy for damages for the loss sustained by him by reason of the purchaser failing to fulfill his contract."

The same rule seems to be recognized in the case of *Francis v. Baker*, 45 Minn. 83, 47 N. W. 452; 19 Cyc. 270, 271, and citations in note.

So that, though the owner may accept the proposed purchaser, yet, if no contract is made between the owner and such purchaser, the owner does not seem to waive the condition that the purchaser be able, ready, and willing to comply with the terms of the purchase, unless, at the time of his acceptance of him as such purchaser, he had notice of a want of these conditions.

It would therefore appear that the charge of the court, hereinabove quoted, is erroneous as an abstract propo-

sition of law; but we are of the opinion that, under the evidence as disclosed by this record, it was not a reversible error.

The evidence shows, beyond disputed or controversy, that the purchaser was able, ready, and willing to comply with the terms of the contract, and that the failure to carry out the contract was upon some other ground. He showed ability to put up as much as $100, cash, and $500 November 1st, when the trade was to be consummated, and plaintiffs had arranged and agreed to lend him the balance. There was no evidence to the contrary, and therefore the further charge of the court as to the acceptance of him by the owner could not prejudice the rights of the defendant in this case. In addition to this, however, the court, immediately following this portion of the oral charge excepted to, explained the former part of said charge, wherein he directed the jury as follows: "Unless you believe that the name of Seeberg (that is, of the intending purchaser) was communicated to Mr. Rike, and that he accepted him without any qualification, then the evidence must reasonably satisfy you that Seeberg was able to pay the $500 on the 1st of November and Groom's firm was able to pay the balance, in which event it would be the same thing."

It is undoubtedly true that, where a letter or telegram is received in due course, the same is not admissible as evidence against the purported sender thereof, without proof that he sent it, or proof of his handwriting, unless the same is in reply to a communication sent to him by the sendee thereof.—*L. & N. R. R. Co. v. Britton,* 149 Ala. 552, 43 South. 108; *O'Connor Min. & Mfg. Co. v. Dickson,* 112 Ala. 308, 20 South. 413.

It may be true that at the time the telegram, dated May 5th, was offered in evidence, it was subject to the objection interposed to it. This was cured, however, by

[Rike v. McHugh & Groom.]

the subsequent introduction of the letter of May 12th, which clearly refers to this telegram and covers the ground contained therein. Besides, it appears that, subsequent to this telegram, all negotiations were broke off, and it was by reason of a renewal of their relations that further proceedings were had. Plaintiff's claim is not at all dependent upon, nor controlled by, this correspondence, and it is only admissible at all as shedding light upon the subsequent communications between the parties.

With reference to the telegram of May 14th, the evidence shows that it was in response to a telegram sent to the defendant by the plaintiffs, and the letter of the same date also fully covers and confirms the matters set forth in said telegram.

The charge made the basis of the tenth assignment of error is covered by the charge given by the court to the jury.

The charge made the basis of the eleventh assignment of error had a tendency to mislead the jury, in the light of the evidence in the case.

We find no error in the record of which appellant can complain, and the judgment of the court below is affirmed.

Affirmed.

McClellan, Sayre, and de Graffenried, JJ., concur.