(88 South. 49)

### M. C. KISER CO. v. GERALD. (5 Div. 342.)

(Court of Appeals of Alabama. Dec. 14, 1920. Rehearing Denied Jan. 18, 1921.)

1. BANKRUPTCY ☞423(1)—DEBT FOR GOODS OBTAINED BY FRAUD NOT DISCHARGED.

Under Bankruptcy Act, § 17a, as amended by Act Feb. 5, 1903 (U. S. Comp. St. § 9601), providing that a discharge does not release liabilities for obtaining property by false pretenses or false representations, a debt created by fraud or fraudulent misrepresentation is not affected by the discharge, and is not within the exclusive jurisdiction of the bankruptcy court.

2. BANKRUPTCY ☞435 — WHEN DISCHARGE PLEADED TO ACTION ON DEBT, REPLICATION THAT IT WAS CREATED BY FRAUD DOES NOT CHANGE CAUSE OF ACTION.

In an action on a debt for goods sold, when defendant's discharge in bankruptcy is pleaded, it is a good replication that the debt was created by fraud or fraudulent misrepresentation, and such replication does not set up a new cause of action or change the cause of action declared on.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Assumpsit by the M. C. Kiser Company against N. F. Gerald. From adverse rulings on the pleading forcing plaintiff to a nonsuit, plaintiff appealed. Reversed and rendered.

The action was on the common counts and promissory notes. In reply the defendant set up his discharge in bankruptcy; that the debt was contracted prior thereto and prior to his petition in bankruptcy; that said debts were provable and were proven and were therefore discharged.

Plaintiff's replication was as follows:

"Comes the plaintiff in the above-styled cause, and, for replication to defendant's plea of discharge in bankruptcy, says that N. F. Gerald obtained from M. C. Kiser Company, a corporation, merchandise upon credit as alleged in the declaration upon a material false statement in writing made to M. C. Kiser Company, a corporation, for the purpose of obtaining such property on credit; that said statement was so made on or about the 17th day of February, 1916, to M. C. Kiser Company, a corporation; that said statement was duly communicated to M. C. Kiser Company, a corporation, by N. F. Gerald, for the purpose of inducing the sale of said merchandise on credit to him by the said M. C. Kiser Company, a corporation, and that M. C. Kiser Company, a corporation, sold goods to N. F. Gerald in reliance on said statement; that by the same statement of said N. F. Gerald it was represented that he had a net surplus of $7,836.50 over and above all debts and liabilities, and that his total indebtedness was $1,500, and that no part of said indebtedness was then due, where in fact his indebtedness was greatly more than $1,500, and whereas a great amount of the indebtedness owed by N. F. Gerald was past due and unpaid. All of said facts were well known to N. F. Gerald, and said statements were false and were well known to be false by N. F. Gerald, or were so made by him or at his direction as to amount to a willful misrepresentation, in that he failed to ascertain the condition of his financial standing and that the misrepresentations were not known to M. C. Kiser Company, a corporation, until after the filing of his petition in bankruptcy."

Demurrers were sustained to this replication.

Thos. H. Smith and P. K. Shirley, both of Wetumpka, for appellant. · ·

The replication did not constitute a departure in the pleading. 89 Ala. 285, 7 South. 248, 7 L. R. A. 568, 18 Am. St. Rep. 111. It was not necessary to bring an action for deceit, and the replication properly

set up matters in avoidance of the discharge. 7 C. J. 415; (Tex. Civ. App.) 156 S. W. 1157; 220 Mass. 137, 107 N. E. 543; 182 Ala. 413, 62 South. 755; (Tex. Civ. App.) 190 S. W. 1152; (D. C.) 99 Fed. 71; 200 Mich. 554, 166 N. W. 839; 41 S. E. 698; 100 N. E. 1134; 26 S. D. 354, 128 N. W. 317; 126 Ga. 821, 56 S. E. 98, 8 L. R. A. (N. S.) 463, 115 Am. St. Rep. 118; (Tex. Civ. App.) 142 S. W. 926; 99 Fed. 511, 40 C. C. A. 498.

J. M. Holley, of Wetumpka, for appellee.

The court properly sustained demurrers to the replication. 108 Minn. 313, 122 N. W. 320; 228 U. S. 27, 33 Sup. Ct. 505, 57 L. Ed. 718; 195 U. S. 175, 25 Sup. Ct. 13, 49 L. Ed. 145; 195 U. S. 606, 25 Sup. Ct. 118, 49 L. Ed. 340; 242 U. S. 138, 37 Sup. Ct. 38, 61 L. Ed. 205; 7 C. J. 31, 32.

SAMFORD, J. Plaintiff declared in three counts claiming for goods sold and delivered and on four separate promissory notes. The complaint was in legal form and sufficient. Defendant pleaded discharge in bankruptcy, making proper allegations to bring his defense within the act of Congress pertaining to bankruptcy of 1898, as amended by act of Congress of 1903 (U. S. Comp. St. § 9586 et seq.). Plaintiff replied, that the claim sued on was excepted from the provisions of the Bankruptcy Act, by reason of the fact that the goods and merchandise, the consideration of the obligations sued on were obtained from plaintiff by fraud or fraudulent misrepresentation. Defendant demurred to the replication on the grounds that there is a departure from the original complaint, in that the complaint is on contract or assumpsit and the replication sets up an action for fraud and deceit. The court sustained the demurrer, and on plaintiff taking a nonsuit, because of the adverse ruling of the court on demurrers, final judgment was rendered against the plaintiff, and he appeals.

[1] Section 17a of the national Bankruptcy Act, as amended by act of Congress 1903 (U. S. Comp. St. § 9601), provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are liabilities for obtaining property by false pretenses or false representations," etc.

The plaintiff by his replication brings himself well within this exception. Where this is the case, his debt is not affected by a discharge in bankruptcy and is not within the exclusive jurisdiction of the bankrupt court.

[2] When the bankrupt's discharge is pleaded to an action on such a debt, it is a good replication that the debt was created by fraud, etc., and the court in which the action is brought has jurisdiction to try the issue. Broadnax v. Bradford, 50 Ala. 270;

Blackman v. McAdams, 131 Mo. 408, 111 S. W. 599; Jacobson v. Horne, 52 Miss. 186; Argall v. Jacobs, 87 N. Y. 110, 41 Am. Rep. 357. There are many authorities cited in the foregoing adjudicated cases to the same effect. The case of Strauch v. Flynn, 108 Minn. 313, 122 N. W. 320, cited in appellee's case, while sustaining appellee's contention, is opposed to the great weight of authority as well as to good reason. The replication does not set up a new cause of action or change the cause of action declared on, but simply alleges facts exempting the plaintiff's claim from the operation of the Bankruptcy Act. The court erred in its rulings on the demurrer, and its judgment is reversed, and a judgment will here be rendered reinstating the cause.

Reversed and rendered.