(96 South. 428)

## GERALD v. M. C. KISER CO.   (5 Div. 853.)

(Supreme Court of Alabama.   April 26, 1923.
Rehearing Denied May 24, 1923.)

**1. Pleading ☞180(2)—Replication that credit for goods was obtained by fraudulent representations held a good answer to plea of discharge in bankruptcy.**

In an action by a seller of goods against the buyer for the purchase price, plaintiff's replication showing that defendant by fraudulent representations obtained credit for the goods was a good answer to defendant's plea of discharge in bankruptcy, and was not a departure from the complaint as setting up a new cause of action.

**2. Bankruptcy ☞436(1)—Burden on plaintiff to prove fraud in obtaining credit for goods purchased in bar of discharge in bankruptcy.**

In an action by a seller of goods against the buyer for the price, in which defendant pleaded a discharge in bankruptcy, the burden was on plaintiff to prove the material allegations of a replication that defendant, by fraudulent representations, obtained credit for the goods.

**3. Bankruptcy ☞426(1)—Employer chargeable with falsity of statement made by clerk under his direction.**

In an action by a seller of goods against the buyer for the purchase price, where a false statement of financial condition to get credit was made by a clerk under the personal direction of defendant, and signed by the clerk, defendant was liable for the deceit brought about by it, so as to prevent his taking advantage of a discharge in bankruptcy.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Action by the M. C. Kiser Company against N. F. Gerald.   Judgment for plaintiff, and defendant appeals.   Transferred from Court of Appeals under Acts 1911, p. 449, § 6.   Affirmed.

A statement of the complaint and pleadings in this case will be found in the report of a former appeal.   M. C. Kiser Co. v. Gerald, 17 Ala. App. 648, 88 South. 49.

The court, sitting without a jury, rendered judgment for plaintiff, and defendant appeals.

George Smoot and J. M. Holley, both of Wetumpka, for appellant.

The liability for obtaining property under false pretenses, excepted from the operation of a discharge in bankruptcy, is that which is based on positive fraud, or fraud in fact, not implied fraud, or fraud in law.   Hennequin v. Clews, 111 U. S. 676, 4 Sup. Ct. 576, 28 L. Ed. 568; Strang v. Bradner, 114 U. S. 555, 5 Sup. Ct. 1038, 29 L. Ed. 248; Neal v. Clark, 95 U. S. 704, 24 L. Ed. 586; Bullis v. O'Beirne, 195 U. S. 606, 25 Sup. Ct. 118, 49 L. Ed. 340.

T. H. Smith, of Wetumpka, and Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

It is not necessary that the fraud be personal to the defendant, but it is sufficient if it be committed by his agent and he profit by it.   Matter of Savarese, 209 Fed. 830, 126 C. C. A. 554, 31 Am. Bankr. Rep. 758; Zimmern v. Blount, 238 Fed. 740, 151 C. C. A. 590.

SOMERVILLE, J. [1] On a former appeal (M. C. Kiser Co. v. Gerald, 17 Ala. App. 648, 88 South. 49), it was held that plaintiff's replication, showing that defendant company, by fraudulent representations, obtained credit for the goods for which plaintiff herein seeks to recover the purchase price, was a good answer to defendant's plea of a discharge in bankruptcy, and was not a departure from the complaint, setting up a new cause of action.   The correctness of that ruling was affirmed by this court by denying defendant's petition for review by the writ of certiorari.   Ex parte Gerald, 205 Ala. 697, 88 South. 921.

[2] The burden was, of course, upon plaintiff to reasonably satisfy the trial court of the truth of the material allegations of the replication.   Defendant's contentions are that the trial court erred in the admission of evidence in support of the replication; and that, even conceding the propriety of the court's rulings on the evidence, the entire evidence did not justify and does not support the judgment rendered for plaintiff.

We have examined all of the evidence with due care, and our conclusion is that, apart from the evidence admitted over defendant's objections, there was sufficient legal evidence to support the judgment complained of.

The replication alleges a false statement, not only that defendant's debts did not exceed $1,500, but also that none of them were past due.   In their brief for defendant, counsel's review of the evidence fails to notice the admissions of defendant himself, those expressly made in the bankruptcy court, and on his examination in this cause, and those implied from his failure to object to statements of account as rendered; and takes no account of the fact that defendant's written statement, made to plaintiff to secure his first credit, was a continuing statement, expressly made applicable to all future credits extended to him by plaintiff, and of the same value and quality as if presently made, in the absence of any notice to plaintiff of changed conditions.

[3] Defendant's counsel stress the fact that this financial statement was not signed by the defendant personally, but only by his clerk, for him and in his name, and that defendant did not see the statement after it was prepared.   However, the statement was

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

made under defendant's personal direction, and, if not true, was as culpably false as if he had made and signed it himself. He could not evade his responsibility in the matter by simply shutting his eyes. It was his duty to see the statement thus prepared by his clerk, and to know that it was correct; and to allow its use for such a purpose, in ignorance of its correctness, supplies all the scienter needed to constitute culpable deceit.

In Zimmern v. Blount, 238 Fed. 740, 743, 151 C. C. A. 590, 593, it was said, citing several competent authorities:

"Nor is it necessary that the fraud be personal to the defendant. It is sufficient if committed by his agent, and he profit by it. Such a fraud, so committed, will prevent a discharge in bankruptcy from operating to release the bankrupt from a debt obtained by it."

We can find in the record no ground for the reversal of the judgment, and it will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.