(105 So. 913)

**HULSEY v. M. C. KISER CO.   (6 Div. 717.)**

(Court of Appeals of Alabama.   Aug. 4, 1925.
Rehearing Denied Oct. 27, 1925.)

1. **Bankruptcy ☞423(1)—Fraud to avoid discharge in bankruptcy may be predicated upon misrepresentation as to financial condition.**

Actionable fraud, which will avoid discharge in bankruptcy, may be predicated upon misrepresentation as to financial condition of debtor, when elements of fraud requisite to particular case are present.

2. **Fraud ☞21—Representations to commercial agency to obtain credit actionable.**

Representations made to commercial agency for purpose of obtaining credit from those engaged in business of selling goods to trade in which party making statement is engaged, and by such agency communicated to seller, may, under circumstances having same legal effect as if misrepresentations had been communicated directly to seller, constitute actionable fraud.

3. **Fraud ☞49—Knowledge and purpose of person making statement to commercial agency must be alleged and proven.**

To bind person to statement made to commercial agency for purpose of obtaining credit, it must be alleged and proven that he knew character of agency to which he was making statement and for what purpose such statement was to be used, since fraud is never presumed, but must be distinctly alleged and proven.

4. **Bankruptcy ☞435—Replication in action to recover for merchandise notwithstanding discharge in bankruptcy because of fraudulent representations held insufficient.**

In action to recover for merchandise, notwithstanding discharge in bankruptcy of debtor on ground of fraudulent misrepresentations made by debtor to commercial agency, replication which did not allege that statement furnished by debtor would be used to deceive anybody or that if commercial agency acted as agent of plaintiff, debtor knew this fact and that statement was false as to particular item mentioned at time statement was made *held* insufficient.

5. **Bankruptcy ☞436(2)—Copy of financial statement containing alleged misrepresentations held properly admitted in evidence.**

In action to recover for merchandise notwithstanding discharge in bankruptcy of debtor on ground of fraudulent representations, *held*, that copy of purported financial statement signed by debtor was properly admitted in evidence.

6. **Evidence ☞378(2)—Letter received in answer to one written held prima facie genuine and admissible.**

Letter received in due course of mail, purporting to be written by person in answer to another letter shown to have been sent to him, is prima facie genuine and admissible in evidence without proof of handwritings or other proof of its authenticity.

7. **Evidence ☞378(2)—Statement received by commercial agency in answer to blank mailed by them held admissible, subject to proof as to its being unauthentic.**

In action to recover merchandise notwithstanding discharge in bankruptcy of debtor on ground of misrepresentations, statement received by commercial agency from debtor in answer to blank mailed to him by agency was admissible, subject to proof as to its not being authentic.

8. **Bankruptcy ☞437—General charge for defendant in action to recover for merchandise sold on misrepresentations held properly refused.**

In action to recover for merchandise notwithstanding discharge in bankruptcy of debtor on ground of misrepresentations, *held*, that defendant was not entitled to general charge, since evidence was in conflict, and therefore to be determined by jury.

Appeal from Circuit Court, Winston County; Ernest Lacy, Judge.

Action by M. C. Kiser Company against David Hulsey. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Mayhall & Mayhall, of Haleyville, and Williams & Chenault, of Russellville, for appellant.

The replication of plaintiff was not sufficient. 26 C. J. 1183, 1186. The execution or utterance of a credit statement must be affirmatively shown. O'Connor Mfg. Co. v. Dickson, 112 Ala. 304, 20 So. 413; L. & N. v. Britton, 149 Ala. 552, 43 So. 108; McKenzie v. Weineman Co., 116 Ala. 194, 22 So. 508.

W. F. Finch, of Lake Worth, Fla., and J. D. Acuff, of Jasper, for appellee.

Plaintiff's replication, showing that defendant by fraudulent representations obtained credit, was a good answer to the plea of bankruptcy. Gerald v. M. C. Kiser Co., 209 Ala. 532, 96 So. 428; Id., 17 Ala. App. 648, 88 So. 49. To rebut the presumption of genuineness of a letter received in due course and purporting to be a reply, it must be shown that the purported author did not sign or authorize it. Reliance L. Ins. Co. v. Russell, 208 Ala. 559, 94 So. 748; Hartford F. Ins. Co. v. Ollinger, 16 Ala. App. 302, 77 So. 452.

SAMFORD, J.   This action was on the common counts for goods, wares, and merchandise sold and delivered. Defendant interposed a plea confessing the debt, but setting up a discharge in bankruptcy. To this plea is interposed a replication admitting defendant's discharge from all of his provable debts, but alleging that as to this debt, the foundation of this suit, the goods were obtained by fraud and misrepresentation as to

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant's financial condition, and under such circumstances as that the debt here sued on is not affected by defendant's discharge in bankruptcy.

[1] This court has already held that actionable fraud, which will avoid a discharge in bankruptcy, may be predicated upon a misrepresentation as to the financial condition of the debtor, when the elements of fraud requisite to the particular case are present. Gerald v. Kiser Co., 209 Ala. 532, 96 So. 428; Kiser Co. v. Gerald, 17 Ala. App. 648, 88 So. 40; 26 Corpus Juris, 1183.

[2, 3] It has also been held, and we think correctly so, that representations made to a commercial agency for the purpose of obtaining credit with those engaged in business of selling goods generally to the trade in which the party making the statement is engaged, and by such agency communicated to the seller, may, under certain circumstances, constitute actionable fraud. But in order to constitute such fraud the circumstances surrounding the making of the statement must have the legal effect as if the misrepresentations had been communicated directly to the seller. As was said in Eaton Co. v. Avery, 83 N. Y. 31, 38 Am. Rep. 389 (affirmed 18 Hun, 44):

"A person furnishing information to such an agency in relation to his own circumstances, means, and pecuniary responsibility can have no other motive in so doing than to enable the agency to communicate such information to persons who may be interested in obtaining it, for their guidance in giving credit to the party."

See 26 C. J. 1186.

When the statement is made to be used for a particular class, and it is so used and acted upon by one of that class, it is as if the statement had been made to the party injured. Davis v. Louisville Trust Co., 181 F. 10, 104 C. C. A. 24, 30 L. R. A. (N. S.) 1011; Willcox v. Henderson, 64 Ala. 535. To bind the defendant to such a statement it must be alleged and proven that he knew the character of the agency to which he was making the statement, and for what purpose such statement was to be used. Fraud is never presumed, but when relied on must be distinctly alleged and proven. Stuart v. Holt, 198 Ala. 73, 73 So. 390.

[4] Does the replication meet the foregoing rules? It is alleged defendant made a financial statement to R. G. Dun & Co.; that Dun & Co. was an agency for securing such statements from parties engaged in business as a basis of credit for use in the commercial world, but it is nowhere alleged that defendant had any such knowledge, or that the statement furnished by him would be used in such way as to deceive anybody so as in legal effect to constitute Dun & Co. the agent of defendant in furnishing the statement to plaintiff, or, if Dun & Co. acted as agent of plaintiff, that defendant knew this fact. Another defect in the replication pointed out by the demurrer is it is not alleged that the statement was false as to the particular item mentioned at the time such statement was made.

[5] Passing now to the proof. Plaintiff received in April an order from defendant's firm. Plaintiff called on its agent, Dun & Co., for a statement as to the financial condition of the firm of which defendant was a member, and received in reply a copy of what purported to be a financial statement signed by defendant, upon which plaintiff acted in selling and shipping the goods to defendant's firm. Assuming that this evidence would be connected with an original statement actually signed or authorized by defendant and made under such circumstances as that, if false, it might become the basis of actionable fraud, the court did not err in admitting it.

[6, 7] The most material question to be determined is as to a certain statement as to the financial condition of defendant and purporting to have been signed by him during the month of January, 1920, and mailed to Dun & Co., agents of plaintiff, at Birmingham, Ala. On January 1, 1920, the blank for the statement containing certain questions requesting information was mailed to defendant at Haleyville, Ala., the post office of defendant, on January 31st. This blank properly filled out and signed J. D. Hulsey, was received through the United States mails by Dun & Co., Birmingham, Ala. The evidence for defendant was that he did not sign the statement offered in evidence, and there was no evidence, other than the mailing out of the blank and its return through the United States mail, filled out and signed, tending to prove the signature or authorization of the defendant, except that there was a girl in defendant's office who could write. The rule is that a letter received in due course of mail purporting to be written by a person in answer to another letter shown to have been sent to him is prima facie genuine, and is admissible in evidence without proof of the handwriting or other proof of its authenticity. Rike v. McHugh, 188 Ala. 237, 66 So. 452; Central Ry., etc., v. Malone, 165 Ala. 432, 51 So. 730; L. & N. R. R. v. Britton, 149 Ala. 552, 43 So. 108. The statement was admissible as prima facie evidence of the authenticity of the statement, subject to proof to the contrary, and its probity, considered along with all the evidence, was a question for the jury.

[8] We cannot say from the entire record that the defendant was entitled to the general charge. The evidence was in conflict, and therefore to be determined by the jury.

For the errors pointed out in regard to the pleading, the judgment is reversed and the cause is remanded.

Reversed and remanded.