W. C. ROBERTSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—CHANGE OF VENUE—CONTINUANCE—PUBLIC TRIAL—CHARGING ON INTEREST OF DEFENDANT AS AFFECTING HIS CREDIBILITY AS A WITNESS—REITERATING CHARGES ALREADY GIVEN.

1. An application for a change of venue is addressed to the sound judicial discretion of the court, and its ruling, refusing the change, will not be. disturbed unless it appear from the facts presented that the court acted unfairly and abused a sound discretion; and such ruling will not be disturbed where the application is supported by the uncorroborated · affidavit of the accused and where there is nothing to show that he was prevented by hostile public sentiment from getting corroborative evidence.

2. An affidavit filed in support of a motion for the continuance

of a cause is fatally defective when it fails to state, among other facts, "that the application is not made for delay only."

3. The words *public*, as used in the constitution guaranteeing to all persons accused of crime a public trial, is there used in opposition to *secret*. The constitutional requirement is fairly observed, if without partiality or favoritism, a reasonable portion of the public is suffered to attend, notwithstanding that those persons whose presence would be of no service to the accused, and who would only be drawn thither by a prurient curiosity are excluded altogether. The exclusion by the court of all persons other than those interested in the case, where, from the character of the charge and nature of the evidence, public morality would be injuriously affected, does not violate the constitutional right to a public trial.

4. The following charge given by the court to the jury *held* not be erroneous: "The court charges you that under the law the defendant may become a witness and testify in his own behalf, and in consideration of his testimony and the weight and credibility which should be given to the same, it is proper for you to take into consideration the interest which the defendant has in the trial and its result, and all the circumstances by which he is surrounded at the time he testifies, and also the reasonableness or unreasonableness, the probability or improbability of what he says, just as you would the testimony of any other witness."

5. It is not error for the court to refuse to give requested instructions that have already been given in substance though couched in different language.

6. There is no error in refusing an instruction that misleads the jury from the real issues in the case, and that is inapplicable to the facts as charged and proven.

Writ of error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Thomas Palmer* and *Wilson & Swearingen,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

TAYLOR, J.—The plaintiff in error, hereinafter referred to as the defendant, was jointly indicted with one M. F. Johnson in the Circuit Court for Polk County for manslaughter in causing the death of a young woman in said county by causing her to miscarry or abort an unborn child. The plaintiff in error was alone tried upon a severance, and was convicted and sentenced to ten years imprisonment in the penitentiary, and to review such judgment brings the case here by writ of error.

The first error assigned is the denial of the defendant's motion for a change of venue. This application to the court for a change of venue was predicated solely on the affidavit of the defendant without any corroborative showing by affidavit or otherwise as to the alleged inimical feeling of the people of the county against the defendant, and there is no showing that the defendant was prevented from getting corroborative evidence by hostile public sentiment. An application for a change of venue is addressed to the sound judicial discretion of the court, and its ruling, refusing the change, will not be disturbed unless it appear from the facts presented that the court acted unfairly and abused a sound discretion—and such ruling will not be disturbed where the application is supported by the uncorroborative affidavit of the accused and where there is no showing that he was prevented from getting corroborative evidence by hostile public sentiment. Adams v. State, 28 Fla. 511, 10 South. Rep. 106; Leslie v. State, 35 Fla. 171, 17 South. Rep. 555;

Shiver v. State, 41 Fla. 630, 27 South. Rep. 36; Squires v. State, 42 Fla. 251, 27 South. Rep. 864; Roberson v. State, 42 Fla. 223, 28 South. Rep. 424.

The second assignment of error is the refusal of the court below to continue the cause to the next term on the motion of the defendant. The defendant's affidavit, upon which this motion was based, fails to state "that this application is not made for delay only."

In Adams v. State, 56 Fla. 1, 48 South. Rep. 219, we have held that an affidavit filed in support of a motion for the continuance of a cause is fatally defective when it fails to state, among other facts, "that the application is not made for delay only." Guided by the decision cited we must hold that there was no error in this ruling denying the application for continuance.

The third assignment of error challenges the action of the court below in ordering the doors of the court house to be closed and the general public to be excluded during the trial, excepting the court officers, the jury, witnesses, attorneys representing the parties, and all persons directly interested in the case.

In the case of People v. Swafford, 65 Cal. 223, 3 Pac. Rep. 809, it was held that the word *public,* as used in the constitution guaranteeing to all persons accused of crime a public trial, is there used in opposition to *secret,* and that the constidtutional requirements is fairly observed, if without partiality or favoritism, a reasonable portion of the public is suffered to attend, notwithstanding that those persons whose presence would be of no service to the accused, and who would only be drawn thither by a prurient curiosity are excluded altogether. Cooley's Const. Lim. (6th ed.) p. 379. In Abbott's Trial Brief (Crim. Causes) Sec. 157, the rule is tersely, and as we think, correctly stated, as follows: "The exclusion by

the court of all persons other than those interested in the case, where, from the character of the charge and nature of the evidence, public morality would be injuriously affected, does not violate the constitutional right to a public trial." People v. Hall, 51 N. Y. App. Div. 57, 64 N. Y. Supp. 433; Grimmett v. State, 22 Tex. App. 36, 2 S. W. Rep. 631.

The defendant's fourth assignment of error is abandoned here.

At the request of the State's Attorney the court gave to the jury the following charge: "The court charges you that under the law the defendant may become a witness and testify in his own behalf, and in consideration of his testimony and the weight and credibility which should be given to the same, it is proper for you to take into consideration the interest which the defendant has in the trial and its result and all the circumstances by which he is surrounded at the time he testified, and also the reasonableness or unreasonableness, the probability or improbability of what he says, just as you would the testimony of any other witness." This charge was duly excepted to and thereon is based the fifth assignment of error. We do not think this instruction is erroneous. It differs widely from the instructions questioned in the cases of Keigans v. State, 52 Fla. 57, 41 South. Rep. 886, and Hampton v. State, 50 Fla. 55, 39 South. Rep. 421. In both of these cases the charges on the same point were held to be erroneous because they mandatorily instructed the jury in effect that they *must* take into consideration the interest that the defendant had in the result of the trial in weighing his testimony; while the instruction in the present case, simply tells the jury that "it is proper for you, in considering the defendant's testimony, to take into consideration the interest which

the defendant has in the result of the trial ........ just as you would the testimony of any other witness." Long v. State, 42 Fla. 595, 28 South. Rep. 855; Fuentes v. State, 64 Fla. —, 59 South. Rep. 395.

The sixth and seventh assignment of error is predicated on the refusal of the court to give an instruction to the jury that was requested by the defendant. There was no error here, for the reason that the court in its general instructions had already instructed the jury fully upon the same point, and there was no error in refusing to reiterate in different language charges that have been already given that substantially cover the same question of law. And so with the ninth assignment of error that complains of the modification by the court of a paragraph of an instruction requested to be given by the defendant, and in his refusal to give in charge other paragraphs of the same instruction. The paragraphs of the instruction refused to be given were already fully covered in substance by the court's general charge, and the paragraph as modified and changed by the court before being given as a complete instruction made it state the law more accurately and clearly, and there was no error in this ruling.

The tenth and last assignment of error presented here complains of the refusal of the court to give to the jury the following instruction requested by the defendant: "In each of the counts of the indictment, it is charged that the bruises, wounds and lacerations which caused the sickness and feebleness of body of which the said Mable W.—died resulted from and were caused by the striking with and thrusting up and into the body and womb of the said Mable W.— one certain instrument, a particular description thereof alleged to have been unknown to the grand jurors. You are, therefore, instruct-

ed that before you can convict the defendant on either count you must be satisfied from the evidence beyond all reasonable doubt that the death of the said Mable W.— resulted from striking or thrusting with or of the said instrument and that her death resulted from such instrument. And if you believe from the evidence that such bruises, wounds and lacerations resulted from or was caused by means other than said instrument, or if after weighing all the testimony you entertain therefrom a reasonable doubt that such bruises, wounds and lacerations resulted from or were caused by such instrument, then you must give the defendant the benefit of that doubt and acquit him." There was no error in this ruling. The charge as requested was misleading and inapplicable to the facts as charged and proven. The indictment, as we understand it, charged manslaughter in producing the death of a female by causing her to miscarry or abort an unborn child. While the lacerations and wounds proven may not have been sufficient in and of themselves to produce the death charged, yet they produced such sickness as to cause the female victim to miscarry and abort an unborn child, and all of this combined produced her death. And while some of the wounds and lacerations may have been caused, as the proofs show, not by the instruments used to bring about the miscarriage or abortion, but by the crushed bones of the head of a foetus being dragged from its place in the womb yet we think that there was sufficient proof to show that the death here charged was caused by procuring through the use of instruments the miscarriage or abortion of an unborn child, and that the conviction of the defendant must stand.

There being no error found the judgment of the Circuit

Court in said cause is hereby affirmed at the cost of the plaintiff in error.

WHITFIELD, C. J., AND SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.