(86 South. 177)

CLEMONS v. STATE. (6 Div. 651.)

(Court of Appeals of Alabama. June 1, 1920. Rehearing Denied June 22, 1920.)

1. CRIMINAL LAW ☞635 — EXCLUSION OF PUBLIC FROM COURTROOM NO DEPRIVATION OF CONSTITUTIONAL RIGHT.

In a prosecution for seduction, court did not deprive defendant of any right, under Const. 1901, § 6, relating to public trials, by having the sheriff exclude from the courtroom all persons except those interested in the trial of the case and the court officers.

2. CRIMINAL LAW ☞444—LETTERS AND TELEGRAMS NOT SENT IN REPLY ADMISSIBLE ONLY WHEN AUTHENTICATED.

Where a letter or telegram is received in due course, it is not admissible as evidence

against the purported sender thereof, without proof that he sent it, or proof of his handwriting, unless the same is in reply to a communication sent to him by the sendee thereof.

**3. CRIMINAL LAW ☞444—LETTER PROPERLY ADMITTED.**

In a prosecution for seduction, a letter purporting to have been written by defendant was properly introduced in evidence, where the prosecutrix testified that she received the letter from the defendant; defendant not bringing out on cross-examination that she did not know whether he wrote the letter, or could not testify as to his signature.

**4. CRIMINAL LAW ☞725 — NOT REVERSIBLE ERROR FOR SOLICITOR TO SPECULATE BEFORE JURY AS TO PUNISHMENT COURT WOULD INFLICT.**

It was not prejudicial error for the court to refuse to exclude from the jury a statement in the solicitor's argument, "You find a verdict of guilty against him, and the court will fix the punishment heavy enough to prevent him from seducing other girls."

**5. SEDUCTION ☞33 — INTERCOURSE MUST BE PROCURED BY SOME ARTIFICE.**

Mere illicit sexual intercourse alone does not constitute seduction, and it must appear it was procured by some artifice, deception, or promise, and that it was solely because of this promise that the female was induced to surrender her virtue, and yet there must of necessity come a time when she yields voluntarily.

**6. SEDUCTION ☞50(1)—INSTRUCTION CONFUSING AND MISLEADING.**

In a prosecution for seduction, the court properly refused to charge, "I charge you that, if the prosecutrix voluntarily yielded to defendant's desires, you cannot convict him," being confusing and misleading.

**7. CRIMINAL LAW ☞957(1)—VERDICT NOT TO BE IMPEACHED BY AFFIDAVIT OF JUROR.**

The affidavits of jurors cannot in criminal cases be used as evidence to impeach their verdict.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Oscar Clemons was convicted of seduction, and he appeals. Affirmed.

Certiorari denied 204 Ala. 697, 86 South. 926.

Paine Denson and F. E. St. John, both of Cullman, for appellant.

The court erred in excluding everybody from the courtroom. 157 Ala. 411, 47 South. 590; 71 N. W. 491; 16 C. J. 807; 8 R. C. L. 75–77. The court erred in not granting new trial on the affidavit of the juror. 103 Ala. 94, 15 South. 893; 16 C. J. 1079, 1162; 169 Ala. 552, 53 South. 803. Counsel discuss other assignments of error, but without further citation of authority.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

MERRITT, J. [1] The appellant was tried and convicted in the circuit court of Cullman county for the offense of seduction, and sentenced to the penitentiary "for a' period of not less than five nor more than ten years." After the jury had been impelled to try the defendant, the court instructed the sheriff to exclude from the courtroom "all persons except those interested in the trial of the case and the court officers." To this action of the court the defendant reserved an exception, claiming that the defendant was entitled to a public trial, as is provided for in section 6 of the Constitution of 1901.

It is provided in the Constitution of the United States and usually in the Constitutions of the various states and territories that the accused is entitled to a "speedy public trial," and a consideration of the decisions of the courts of last resort of the different states and territories shows that, with one line of decisions a strict adherence to the exact wording, and that any restriction or limitation of this guaranty, to give the accused a public hearing, deprives him of his constitutional right and is void. 8 R. C. L. 75–77; People v. Hartman, 103 Cal. 242, 37 Pac. 153, 42 Am. St. Rep. 108; People v. Murray, 89 Mich. 277, 50 N. W. 995, 14 L. R. A. 809, 28 Am. St. Rep. 294. There is, then, the other line of decisions holding—

"that the publicity of the proceedings should be subordinated to the orderly and proper manner in which they are to be conducted, and it is usually held that, when defendant is not prejudiced, nor deprived of the presence, aid, or counsel of any person whose presence might be of advantage to him, it is within the discretion of the court to exclude persons from the courtroom, where it deems it necessary to do so, and that, in cases where the evidence is of a peculiarly indecent and vulgar character, the court may, in the interests of public morality and decency, exclude from the courtroom all persons except parties interested and court officials." 16 C. J. § 2052, p. 807; Robertson v. State, 64 Fla. 437, 60 South. 118; Carter v. State, 99 Miss. 435, 54 South. 734.

In the case of People v. Swafford, 65 Cal. 223, 3 Pac. 809, it was held that the word "public" as used in the constitutional provision guaranteeing to all persons accused of crime a public trial, is there used in opposition to secret, and that the constitutional requirement is fairly observed if, without partiality or favoritism, a reasonable portion of the public is suffered to attend, notwithstanding that those persons whose presence would be of no service to the accused, and who would only be 'drawn thither by idle curiosity, are excluded altogether. 64 Fla. 437, 60 South. 118, supra; Cooley's Const. Lim. (6th Ed.) p. 379. In Abbott's Trial Brief, § 157, the rule is tersely stated as follows:

"The exclusion by the court of all persons other than those interested in the case, where, from the character of the charge and nature of the evidence, public morality would be injuriously affected, does not violate the constitutional right to a public trial." People v. Hall, 51 App. Div. 57, 64 N. Y. Supp. 433; Grimmett v. State, 22 Tex. App. 36, 2 S. W. 631, 58 Am. Rep. 630.

While there appears to have been no expression from our own Supreme Court on this question, yet the Constitution makers of 1901 provide that—

"In all prosecutions for rape and assault with intent to ravish, the court may, in its discretion, exclude from the courtroom all persons, except such as may be necessary in the conduct of the trial." Const. 1901, § 1699.

It is also provided by section 4019 of the Code of Alabama of 1907 that—

"During the trials in all courts in this state of any case of seduction or divorce, or other case where the evidence is vulgar or obscene, or relates to the improper acts of the sexes, and tends to debauch the morals of the young, the presiding judge shall have the right, in his discretion and on his own motion, or on motion of plaintiffs or defendants, or their attorneys, to hear and try the said case after clearing the court room of all or any portion of the audience whose presence is not necessary."

It is not contended in the instant case that any necessary party was excluded from the courtroom, or that the defendant was deprived of any necessary aid or counsel, or that such action in any way prejudiced his case, or that any injury was done him thereby, and in view of the clear statutory right of the judge to take such action, we do not believe that the defendant was deprived of any constitutional right.

[2] Two certain letters were permitted to be introduced in evidence over the objection of the defendant, and to this action of the court the defendant excepted. The contents of the letters was such as might be weighed against the defendant, and in regard to the receipt of the letters, prosecutrix testified:

"I got letters from him, lots of them. I got letters before he had intercourse with me. Some of them are here. That is one of the letters and that is the envelope it came in."

With this statement the solicitor offered the letter, and the defendant objected on general grounds, and that it was not shown that the defendant wrote the letter and that it called for a conclusion of the witness. It is undoubtedly true that, where a letter or telegram is received in due course, the same is not admissible as evidence against the purported sender thereof, without proof that he sent it, or proof of his handwriting, unless the same is in reply to a communica-

tion sent to him by the sendee thereof. L. & N. R. Co. v. Britton, 149 Ala. 552, 43 South. 108; Rike v. McHugh & Groom, 188 Ala. 241, 66 South. 452.

[3] The witness testified emphatically that she received the letter from the defendant, and if the defendant had shown on cross-examination that she did not know whether the defendant wrote the letter, or could not testify as to his signature, then the objections would have been availing; but in the way the matter is presented the trial court did not commit any error in permitting the introduction of the letter. What is said above in regard to the introduction of the first letter applies with equal force to the ruling on the introduction of the second letter; the ground of objections being practically the same in each instance.

[4] In his argument to the jury the solicitor used this language:

"You find a verdict of guilty against him [the defendant], and the court will fix the punishment heavy enough to prevent him [the defendant] from seducing other girls."

The defendant objected to this language, and moved to exclude it from the jury, and the court overruled the motion. Possibly it would have been better for the solicitor not to speculate in argument before the jury as to what punishment the court would inflict in case of conviction, for it must be speculation; but we are not ready to decide that, because the solicitor does express an opinion in argument to the jury, the court's refusal to exclude it will be such error as to reverse the case. The jury had nothing to do with fixing the punishment, and it has been said at times that the fact that the judge has the fixing of the punishment has caused juries to hesitate to convict.

To the refusal of the trial court to give the following written charge, requested by the defendant, the defendant insists that reversible error was committed. The charge is as follows:

"I charge you that, if the prosecutrix voluntarily yielded to defendant's desires, you cannot convict him."

[5, 6] Mere illicit sexual intercourse alone does not constitute seduction, and it must appear it was procured by some artifice, deception, or promise, and that it was solely because of this promise that the female was induced to surrender her virtue, and yet there must of necessity come a time when she yields voluntarily. The charge from one viewpoint is good, from another it is bad, and, to say the least, it is confusing and misleading, and its refusal was not error.

The defendant insists that he should have a new trial, because, as is shown by affidavit, one of the jurors was suffering with an attack of the palpitation of the heart, pro-

duced, he alleges, by being shut up in a close room with the jury, which room was filled with tobacco smoke, and caused him to grow sick; that he was not convinced beyond a reasonable doubt of defendant's guilt, and wanted to acquit him, but said nothing, and acquiesced in the verdict by silence, in order to get relief from his suffering.

[7] It would open wide the gates to begin to set aside verdicts of juries on showings like this. If the conditions surrounding the juror were intolerable, he no doubt could have had them altered by letting the trial judge know; and then, if these conditions had superinduced such a condition of mind and body in the juror as to cause him to do that which he should not have done, agree to convict a person whom he did not think guilty, he should have stated this fact to the court when the verdict was returned into court, and not by his silence agreed to the verdict. But it is the settled law of this state, based on public policy, that the affidavits of jurors cannot be used as evidence to impeach their verdict. Birmingham Ry. Co. v. Mason, 144 Ala. 387, 39 South. 590, 6 Ann. Cas. 929.

We have carefully considered the record in this case, and do not find any reversible error, and the judgment of the lower court must be affirmed.

Affirmed.