## HAYES v. STATE. (8 Div. 955.)

(Court of Appeals of Alabama. May 15, 1923.)

Seduction ⚖=33—Acts inducing sexual intercourse held not to constitute "temptation," "deception," "arts," or "flattery," within statute.

Defendant, a married man 27 years of age, met by chance his cousin, 16 or 17 years of age, and told her he was going to a certain city for a celebration. They proceeded together by rail, and defendant registered at a hotel as man and wife. They went to their room, where defendant hugged, kissed, professed love for prosecutrix, and had sexual intercourse with her. Held, that defendant's acts did not constitute "temptation," "deception," "arts," or "flattery," within Code 1907, § 7776, defining seduction.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Flattery; First and Second Series, Art; Deception; Temptation.]

Appeal from Circuit Court, Colbert County; Chas. P. Almon, Judge.

Amos Hayes was convicted of seduction, and he appeals. Reversed and remanded.

A. H. Carmichael, of Tuscumbia, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel argue the case, but without citing authority.

FOSTER, J. The defendant was convicted of seduction. The prosecutrix was an unmarried woman, between 16 and 17 years of age, a third or fourth cousin of defendant, had heard of him all of her life, and had known him personally for 3 or 4 years. The defendant was a married man about 27 years of age, and prosecutrix knew he was married. The prosecutrix and defendant happened to get together at Riverton on the 4th or 5th of July, 1920. Defendant told her he was going to Tuscumbia, where a celebration was being held at a park, and she agreed to go with him. They went by rail to Tuscumbia, reaching there about 11:30 a. m. They went to the Beach Hotel, and defendant registered as Amos Hayes and wife. Prosecutrix testified that she went upstairs before he registered, and Mrs. Beach, wife of the proprietor, testified that she saw the girl standing near when defendant registered, and asked her how long they had been married, and the prosecutrix replied, "about two hours," and prosecutrix testified that she told Mrs. Beach she was his (defendant's) wife.

Mr. Beach, the proprietor, testified that the girl was with defendant when he registered, and saw him register.

They went into the room and sat down on the bed; he hugged and kissed her, told her he loved her, and had intercourse with her. According to the testimony of prosecutrix, they remained in the room 25 or 30 minutes, and went back to the railroad station between 1 and 2 o'clock and returned to Riverton. Prosecutrix stated she had never had intercourse with a man before. Defendant admitted having intercourse with her, but stated without objection that in his judgment she had done such acts before. She did not tell anybody about what had happened until after the report was circulated that she and defendant had registered as man and wife at the hotel, and about two weeks after the occurrence when she told her father. The defendant gave a slightly different version of the affair, but admitted registering at the hotel as Amos Hayes and wife, and admitted telling Mr. Beach that prosecutrix was his wife, and admitted having intercourse with her, but denied that he flattered her in any way, or used any arts or deception in order to accomplish the act.

Seduction is a strictly statutory offense. Section 7776 of the Code of 1907 provides:

"Any man who, by means of temptation, deception, arts, flattery, or a promise of marriage, seduces any unmarried woman in this state, must on conviction," etc.; "but no indictment or conviction shall be had under this section on the uncorroborated testimony of the woman upon whom the seduction is charged; and no conviction shall be had if on the trial it is proved that such woman was, at the time of the alleged offense, unchaste."

"Deception is the act of deceiving—the intentional misleading of another by falsehood spoken or acted. Temptation is that which tempts to evil—an evil enticement or allurement. Flattery is an effort to influence another by the use of false or excessive praise, insincere complimentary language or conduct. Art is the skillful and systematic arrangement or adaptation of means for the attainment of some desired end. * * * The arts of the seducer are crafty devices, by words or acts, or both which influence the female to yield to sexual intercourse." Hall v. State, 134 Ala. 90, 32 South. 750; Brand v. State, 13 Ala. App. 390, 69 South. 379.

Simply having sexual intercourse with a woman, though she is reluctant to do so, does not constitute seduction. Smith v. State, 13 Ala. App. 399, 69 South. 402; Clemons v. State, 17 Ala. App. 533, 86 South. 177. It must appear that illicit sexual intercourse was procured by some artifice, deception, or promise. Clemons v. State, 17 Ala. App. 533, 86 South. 177. Nothing in the testimony tended in the slightest degree to show that prior to the time prosecutrix voluntarily went to the hotel with the defendant he had deceived her in any way. Nor had he flattered her, nor had he made any promise.

The mere request of the defendant that she go to the hotel with him does not constitute

an evil enticement or allurement, within the meaning of the statute. It was not such an allurement as could have induced a virtuous woman to surrender her chastity; it was unaccompanied by any ·artifice, deception, or flattery, and merely presented to prosecutrix the opportunity to engage in illicit intercourse with the defendant if she saw fit to do so. Each seemed to understand the operation of the other's mind, without a word being spoken as to the purpose of their trip to the hotel. The minds of both directed their steps to the Beach Hotel; there she saw him register the twain as man and wife; she said she was his wife; she went to the room with him as his wife.

It would require a very strained construction of the statute to hold that, after going into the room with the evident purpose of having intercourse, she was caused to surrender her body to him by his hugging and kissing and telling her he loved her, which was all the prosecutrix said was done in the room before the accomplishment of the act.

"When a pure, modest, and chaste woman is so manipulated by the arts and wiles of man as to be thereby overcome and caused to fall from virtue's high estate, a great moral and social crime is committed, for the repression of which our statute has enacted a justly severe punishment. Juries should not hesitate to enforce this law, when the testimony leaves no reasonable doubt of its violation. On the other hand, if, after giving full consideration to all the facts and circumstances, the charge is not so proved as to leave no reasonable doubt that the false, fatal, step of the woman was caused by the wiles, arts, blandishments, or machinations of the man, then, although another offense may have been committed, the 'charge of seduction is not legally proved." Cooper v. State, 90 Ala. 641, 8 South. 821.

The conduct of the defendant was exceedingly reprehensible, and cannot be too severely condemned in morals. But the evidence was wholly insufficient to establish his guilt of the offense of seduction, and the trial court erred in refusing to give, at defendant's request, charge A, the general affirmative charge for the defendant.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.