## O. F. UNDERWOOD v. THE STATE OF FLORIDA

19 So. (2nd) 405                 June Term, 1944
September 5, 1944                Division B
Rehearing denied September 22, 1944

*Vincent C. Giblin,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *Bourke Floyd,* Special Assistant Attorney General, for appellee.

BUFORD, C. J.:

The appellant, having been convicted of the offense of murder in the second degree under an indictment charging him with murder in the first degree, has perfected and presented his appeal to this Court.

On brief two questions are posed for our consideration stated as follows:

"In a trial on an indictment charging murder in the first degree, where there is no evidence that the accused had any

ill will, hatred or spite toward the deceased, but the evidence shows the accused shot and killed the deceased only after the deceased had fired a load of buckshot into the face of the accused, should a verdict of murder in the second degree be upheld?"

Second question:

"Where the evidence shows that the deceased without provocation fired a shot gun into the face of the accused, and that thereafter the accused shot and killed the deceased, is the accused entitled to a verdict of acquittal on the ground of self defense?"

We have examined the record in the light of briefs filed and must reach the conclusion that neither question is supported by the record because, while the appellant gave testimony supporting the questions as stated, there was other evidence introduced on behalf of the State which was contradictory thereto and which was sufficient when believed by the jury to sustain the verdict and judgment.

Appellant also insists that the court committed reversible error in giving a certain charge to the jury, as follows:

"The court charges you that under the laws of this State a defendant may become a witness and testify in his own behalf, and in consideration of the testimony of such defendant, and the weight and credibility which should be given to the same, it is proper for you to take into consideration the interest which such defendant has in the trial and in its result, and all the circumstances by which he is surrounded at the time he testifies, and also the reasonableness or unreasonableness, probability or improbability of what he says, just as you would the testimony of any other witness." This charge was approved by this Court in Robinson v. State, 64 Fla. 437, 60 So. 118, and in Brownlee v. State, 95 Fla. 775, 116 So. 618.

However, appellant contends that by two paragraphs following the above quoted charge the trial judge emphasized the scrutiny which should apply to the testimony of the accused. We do not construe these two paragraphs as having any more application to the testimony of the accused than to the testimony of any other witness.

Appellant also contends that certain matters prejudicial to the appellant occurred in the conduct of the trial.

We find no evidence in the record of exceptions taken to any of the matters complained of in this regard. We have, however, given consideration to the contention of the appellant, but find no reversible error reflected.

No reversible error is made to appear.

The judgment is affirmed.

BROWN, THOMAS and SEBRING, JJ., concur.